## WOLFF *v.* UNITED STATES (No. 382).[1]

JEWELRY AND IMITATION JEWELRY.

> Where the importation consists of merchandise in a variety of forms, necklaces, chains, hatpins, etc., made of a variety of materials and some complete, some incomplete, without attempting a comprehensive definition of jewelry or of articles commonly known as jewelry, the appeal here being limited to merchandise represented by enumerated samples, and there being no evidence to controvert the conclusion drawn by the board, the board's decision must be affirmed; the goods were properly assessed, being commonly known as jewelry, under paragraph 434, tariff act of 1897.

United States Court of Customs Appeals, May 1, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, Abstract 22013 (T. D. 30069), Abstract 22048 (T. D. 30086).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *Geo. J. Puckhafer* of counsel) for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The decision in 'this case involves questions of fact, as well as conclusions of law.

---

[1] Reported in T. D. 31572 (20 Treas. Dec., 951).

The merchandise, the subject of the decision of the Board of General Appraisers, consisted of a great variety of necklaces, chains, hatpins, beads, combs, slides, snaps, pendants, hearts, stones, and other kindred articles. The merchandise was in a variety of forms, and made from a variety of materials and compositions of materials. Some of the articles are partly finished and others complete.

There was no testimony introduced before the Board of General Appraisers. So far as this record shows, the merchandise was returned by the collector as jewelry and parts of jewelry.

The board in two decisions made the following findings of fact. These findings of fact are essentially the whole of the opinion of the board in each case:

1. Necklaces and chains composed in chief value of glass beads, valued at more than 11 marks per gross.
2. Hatpins with decorated metal scrollwork heads, commonly known as jewelry.
3. Glass beads temporarily strung.
4. Combs with gold-plate tops, commonly known as jewelry.
5. Pendants, commonly known as jewelry or parts thereof.
6. Necklace clasps set with imitation precious stones, commonly known as jewelry.
7. Beaded wearing apparel.

In the other decision, subject of this appeal, the board found the merchandise to consist of—

1. Beaded cotton plates for bags and elastic belts ornamented with beads.
2. Glass beads, strung.
3. Necklaces and long chains valued at more than 11 marks per gross.
4. Slides and snaps composed of gilt metal set with imitation precious stones.

We learn from the unchallenged statement in appellant's brief that—

The protests were submitted upon the appraiser's reports and the official samples.

The brief of the appellant makes the further statement:

The official samples are far from complete, in that they are not representative of all of the articles passed upon by the board, but they may be said to be complete as to the class of goods to which this appeal may be limited. For convenience, they may be classified in two groups:

(a) Pendants, snaps, and "hearts," composed of imitation pearls, or imitation precious stones, as shown by the two samples in protest 335163; the five samples in protests 332677-9; and the five samples in protests 328730-2, all of which class of articles are aptly described by the words "imitation of precious stones, set."

(b) The necklace in protest 352291, composed of paste and base metal. Articles of this character, if they may be regarded as jewelry in any sense of the word, are accurately described by the words "imitation jewelry."

Samples corresponding with the numbers enumerated in lists (a) and (b) of appellant's brief are before the court. With a single exception they constitute all of the samples before us. A comparison of these samples with the list of merchandise covered by the two decisions of the board here the subject of appeal readily shows that the samples before the court constitute but a minor portion of the merchandise the subject of these two decisions.

The appeal therefore may be considered as limited to the classes of goods represented by the samples before us and to the protests covering the merchandise represented by those samples. Of the 23 protests the subject of these appeals these considerations limit the appeals to the eight protests enumerated in the appellant's brief. These samples as described by the appellant are pendants, snaps, and "hearts," and the necklace in protest 352291. The appeals must be further limited under the circumstances to those classes of pendants, snaps, and "hearts" covered by these protests which are similar to and represented by the official samples before us.

The only method of identification of these samples with the findings of the board is by a process of elimination. As will be seen, there are no "hearts" covered by the findings of the board. They may in the form of these samples be considered pendants, but the fact that both "pendants" and "hearts" are enumerated in the language of appellant in limiting the appeals would preclude that assumption. In our view of the case, however, this becomes immaterial. These appeals therefore will be considered as limited to that class of pendants and snaps and the necklace as represented by the samples before us upon the invoices covered by the protests enumerated hereinafter.

The pendants may be briefly described as consisting as follows:

In protest 335163 pendants of imitation turquoise and imitation pearl, both in a metal setting ready to be attached to a chain or other article of which they are intended to form a part.

In protest 332677 pendants of imitation rubies, set similarly to the above.

In protest 332678 metal snaps for fastening parts of articles together surrounded by imitation turquoise.

In protest 332679 pendants of imitation pearl set identically with those above described.

In protest 328730 pendants of imitation coral set similarly to pendants above described.

In protest 328731 the articles consist of "hearts" in imitation of rubies and topaz. Each sample has affixed therein staple and ring ready for attachment to the other portion of the article of which it may become a part. These samples can not be precisely identified, as stated, with any finding of the board, though they probably were included within the designation pendants.

In protest 328732 pendants in imitation of pearl set similarly to the pendants above described.

The necklace the subject of protest 352291 is composed of paste and base metal. It is made in imitation of jet.

The imitations of the various precious stones are not of a superior quality, nor are the settings or fastenings of either superior metal or workmanship. The goods may be said to be of a common, cheap

class of such articles, or parts thereof, intended manifestly from their appearance and construction to be worn as jewelry, or it might be conceded imitations of jewelry.

Assuming these samples to be representative of the merchandise the subject of the findings of the board, they would be included within, first, the decision in the case of protest 323712, etc., finding V, as "pendants commonly known as jewelry or parts thereof;" and, secondly, finding III, in the decision of the board in protest 267642, of "necklaces and long chains valued at more than 11 marks per gross;" and, third, finding IV, in the last named decision, for "snaps composed of gilt metal set with imitation precious stones."

The appeal being limited to the merchandise represented by the samples enumerated, and *it being expressly admitted* by appellant that these samples are covered by findings of the board in these cases, whether the identification here made is accurate or otherwise, it follows that a case is presented wherein the board had before it samples of the merchandise, made a finding of fact with reference thereto, drew a conclusion of law from these findings, and no evidence has been introduced to overcome the same, nor is there any evidence presented by this record which controverts the same.

Whether the article is commonly known as jewelry within paragraph 434 of the tariff act of 1897 is a question of fact to be determined by the board. It is a question of fact susceptible of proof or disproof by evidence. As to the character of that evidence this court is not now called upon to decide. We agree with the United States Circuit Court of Appeals for the Second Circuit in the case of United States *v.* Schiff (139 Fed. Rep.; 549), wherein, in construing paragraph 434, the court said:

We do not deem it important to attempt a comprehensive definition of the word "jewelry" or of the phrase "articles commonly known as jewelry." The only relevant question now before the court is, Were the articles in controversy, at the date of importation, commonly known as jewelry? If they were so known the collector was right; if not, the board and circuit court were right. The question is one of fact and we see no reason to disturb the finding of the board * * *.

Appellant's brief contains an extended review of the various tariff provisions from the foundation of the Government to and including the act under consideration, with a view to showing that Congress has always contemplated as different entities for tariff purposes jewelry and imitation jewelry, precious stones and imitation precious stones. That is undoubtedly true. Numerous of these acts, however, show that Congress expressly classified imitation jewelry in the same category with jewelry, and imitation precious stones in the same category with precious stones. This, however, in our opinion, does not preclude the possibility of all of these articles, whether genuine or imitation, being commonly con-

sidered as jewelry. It is a matter of common knowledge and every-day observation of those in a position to observe that all classes of these articles are made by jewelers and carried in jewelry stores. Without deciding this point, however, which we deem here unnecessary, we do not find in this record sufficient or any evidence to disturb the findings made by the Board of General Appraisers. For that reason the decision of the board is *affirmed*.