UNITED STATES *v.* BORGFELDT & CO. (No. 2654)[1]

1. EVIDENCE, SUFFICIENCY TO REBUT COLLECTOR'S CLASSIFICATION—SAMPLES.
    The presumption that the collector's classification is correct may be overcome by the probative effect of the samples.

2. MUSICAL INSTRUMENT—PRICE NOT THE TEST.
    While, in determining whether or not a thing is a musical instrument, its price is worthy of consideration as bearing some relation to its quality, the test is its capacity or ability to produce music as that word is commonly understood.

3. MUSICAL INSTRUMENT—TOY—CHEAP MUSIC BOXES.
    Small, cheap, but durable and ornamental music boxes were classified by the collector as toys under paragraph 1414, Tariff Act of 1922, and found by the Board of United States General Appraisers to be musical instruments under paragraph 1443. The evidence consisted of the samples and the testimony that they were sold "to the musical trade; to the musical department of the toy department." The judgment of the board is affirmed.

[1] T. D. 41461;

United States Court of Customs Appeals, March 15, 1926

APPEAL from Board of United States General Appraisers, Abstract 49711

[Affirmed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General
(*Fred J. Carter,* special attorney, of counsel), for the United States.
No appearance for appellees.

[Oral argument December 16, 1925, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD
Associate Judges

BARBER, Judge, delivered the opinion of the court:

The question raised by the Government's appeal here is whether
certain music boxes were properly classified by the collector as toys
under paragraph 1414 of the Tariff Act of 1922, or should have been
classified as musical instruments under paragraph 1443 of the same
act, as claimed by the importer and held by the Board of General
Appraisers.

We quote the paragraphs:

PAR. 1414. Dolls, and parts of dolls, doll heads, toy marbles, of whatever
materials composed, air rifles, toy balloons, toy books without reading matter
other than letters, numerals, or descriptive words, bound or unbound, and parts
thereof, garlands, festooning and Christmas-tree decorations made wholly or in
chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other
toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen
or stone ware, and not specially provided for, 70 per centum ad valorem.

PAR. 1443. Musical instruments and parts thereof, not specially provided for,
pianoforte or player actions and parts thereof, cases for musical instruments,
pitch pipes, tuning forks, tuning hammers, and metronomes, strings for musical
instruments composed wholly or in part of steel or other metal, all the foregoing,
40 per centum ad valorem; tuning pins, $1 per thousand and 35 per centum ad
valorem; violins, violas, violoncellos, and double basses, of all sizes, wholly or
partly manufactured or assembled, $1 each and 35 per centum ad valorem;
unassembled parts of the foregoing, 40 per centum ad valorem.

Two protests are involved in this case, but the merchandise is the
same in each and the protests were heard together before the board.

At the trial of the case before the board, the Government introduced
no witnesses; the importer one. He produced collective Exhibit 1
which was accepted as representative of the importation. It consists
of four music boxes. The smallest is a cylindrical metal box about 3
inches in diameter and 1½ inches in height. The other three are
made of wood. Two are about 4 by 3¼ by 2 inches, and the other
about 7½ by 4¾ by 4 inches, in size. The cylindrical box has the
alphabet printed around the perimeter of one end and all the boxes
are ornamented by one or more pictures on their exteriors. Inside
each box is some mechanism to which is attached a crank, the handle
of which protrudes from the box. When this crank is continuously

turned, the mechanism produces complete airs or musical selections, one box producing one, two boxes producing two, and one three. The name of each selection is inscribed on the box by which it is produced. All the boxes appear to be substantially constructed and attractively finished. The mechanism is entirely inclosed. The boxes are marked as made in Switzerland and were appraised at from 19.20 to 37.80 francs per dozen.

Aside from testifying as to the representative character of these boxes and as to the musical selections played by each, the witness gave no further testimony except to say that they were sold "to the musical trade; to the musical department of the toy department."

The Government contends, first, that there was no evidence sufficient to overcome the presumed correctness of the collector's classification, and second, that the articles are not musical instruments but more in the nature of musical toys.

As to the first contention, this court has always recognized that the collector's classification is presumed to be correct. It has also repeatedly held that such presumption may be overcome by the probative effect of the samples in the case. *Krusi* v. *United States*, 1 Ct. Cust. Appls. 168, T. D. 31213; *United States* v. *Perkins*, Id. 323, T. D. 31430; *Wolff* v. *United States*, 2 Ct. Cust. Appls. 11, T. D. 31572; *United States* v. *International Forwarding Co.*, 6 Ct. Cust. Appls. 25, T. D. 35272; *Veit, Son & Co.* v. *United States*, 11 Ct. Cust. Appls. 81; T. D. 38732.

As to the second contention, it may be observed that the question of what is a musical instrument has been frequently considered by this court as well as other tribunals, but it is not necessary here to review all the numerous pronouncements on that issue.

Among other cases the Government cites *Jacot et al.* v. *United States*, 65 Fed. 415, decided by the Circuit Court of Appeals in the Second Circuit. The question there was whether certain music boxes were dutiable as manufactures of metal or as toys, under the tariff act of 1890 in which there was no provision for musical instruments. The court in determining the issue seems to have adopted the test put forward by one of the witnesses, that it was "the quality of the instrument, which is governed by the price, largely."

In view of the circumstances of that case, the court may have adopted that test as appropriate; nevertheless, it can not be regarded as of general application, and no other decision of the board or the courts is cited in support of such a rule. Moreover, in the numerous cases before this court that rule has never been adopted. While it may be worthy of consideration, because the quality of an instrument may bear some relation to the price thereof, yet it is obvious that whether or not a thing is a musical instrument must be determined by its quality, that is, its capacity or ability to produce music as that word is commonly understood. *United States* v. *Sears, Roebuck*

*& Co.,* 7 Ct. Cust. Appls. 60, T. D. 36388; *United States* v. *Bernard, Judae Co. et al.,* 13 Ct. Cust. Appls. 306, T. D. 41230.

In these cases many authorities are cited, and carefully examined and considered on the question of the meaning of the term "musical instrument."

In Webster's New International Dictionary one of the definitions of instrument is "a contrivance by which musical sounds are produced," followed by a description of the means of their production, and the word "music box" is described in terms that are measurably applicable to the boxes here, except that the mechanism producing the music is referred to as clockwork.

The Government also argues that flimsiness in structure is to be considered in determining what is a musical instrument, and cites cases on that issue. It may be admitted that this matter is proper of consideration, but it is eliminated in this case because inspection shows that these music boxes are not flimsy. Though small, they are apparently durable.

Paragraph 1414 of the present act names certain articles that shall be classified thereunder, such as toy balloons, toy marbles, etc. It contains no provision for toy music boxes, but does provide for all other toys, exclusive of those made of certain materials, not specially provided for.

On the other hand, musical instruments are named in paragraph 1443. In terms it covers all such instruments not specially provided for, and, in view of the common meaning of the term "musical instruments," we think the board was justified in concluding that the music boxes here were such instruments.

It must be remembered that the question before us is whether or not the finding of the board is sustained by the evidence and we can not hold, in view of the probative effect of the samples themselves, that its finding is unsupported by or contrary to the weight of the evidence.

In *Illfelder* v. *United States,* 1 Ct. Cust. Appls. 109, T. D. 31115, a toy was defined as "essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. * * * If it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classified as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally."

There is nothing in the case to bring these music boxes within that definition other than the presumed correctness of the collector's classification, and we can not say that the board erred in finding, as in effect it did, that this presumption was overcome by the probative effect of the samples themselves.

Assuming that these boxes are used by children, the board may well have been of opinion that the letters of the alphabet printed on one of the boxes were for the education of children and that all the boxes were capable, and designed for the purpose, of accustoming and educating the ear to appreciate correct combinations of harmonious notes which constitute a musical composition, thus imparting the beginnings of a musical education.

We have examined every case cited by the Government and find nothing therein that requires a different conclusion.

In its opinion in this case the board cited *J. C. Roebold & Co.'s* case, T. D. 39396, G. A. 8596, 43 Treas. Dec. 18; *Baldwin Shipping Co.'s* case, Abstract 46414, 44 Treas. Dec. 451; and *George Borgfeldt & Co.'s* case, Abstract 47641, 46 Treas. Dec. 620, which may be referred to.

The judgment of the Board of General Appraisers is *affirmed.*

### DISSENTING OPINION

BLAND, Judge: While I concede that there is respectable authority supporting the opinion of the court, in this case, I can not agree to the conclusion reached.

It will be remembered that the collector, in this case, assessed the music boxes in controversy for duty, under paragraph 1414 of the Tariff Act of 1922, as toys, and found that they were designed for the amusement of children. Such assessment implies that he found them to contain the characteristics mentioned in the definition of toys in the *Illfelder* case, *supra*, which is as follows:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

It is conceded that there is no evidence in the record to overcome the presumption of the correctness of the collector's finding, except the sample itself. The only testimony in the record is that of one witness for the importer, who identified the samples and testified that the music boxes played a number of airs, and that they were sold "To the musical trade; to the musical department of the toy department."

An examination of the samples supports the finding of the collector rather than the contention of the importer, and this is especially true with reference to three of the samples. Two of them are about 4 by 3 inches square on top and something like 2 inches high. They

have colored pictures of children on them, and, while the steel comb arrangement in the boxes makes a pleasing sound, I have not been able to detect any semblance of a tune.  One of them is decorated with pictures of children and contains the full alphabet in large letters around the outside of the box.  Clearly they are for the amusement of children only, and are reasonably fitted and designed for no other purpose.

I do not believe a thing can be a toy and a musical instrument at the same time within the meaning of the tariff statute.  If it is a toy, it does not rise to the dignity of a musical instrument.  This view especially should be adopted since the court makes the test of a musical instrument the quality of its music, its capacity or ability to produce music as that word is commonly understood.  The court has fallen into error by holding, first, that the music boxes are not toys within the definition of the *Illfelder* case, since there is no evidence disputing the finding of the collector, and since the samples support his finding; second, in holding from an examination of these samples and listening to their tuneless notes that they have the quality of musical instruments as the word "music" is commonly understood.

No doubt the court was influenced by the language quoted in *United States* v. *Bernard, Judae & Co. et al*, 13 Ct. Cust. Appls. 306, T. D. 41230, which was quoted from T. D. 22765, 4 Treas. Dec. 118:

If an article is capable of being played upon as a musical instrument by a person who has learned to play such an instrument, whether that person be a child or an adult, it can not be said to be chiefly designed and suitable for use as a plaything for children, and is not a toy.

In that case violins and accordions were under consideration.  It requires skill and musical ability to play them and they must have the requisite number of notes and other characteristics to enable the player to exercise his skill.  In the music boxes at hand, can it be said that anyone must "learn" to play them?  Playing upon one of these toys requires no musical ability whatever, and I submit that the reasons prompting the statement of Judge Fischer and approved by this court are in no sense applicable here.

While I concede that the opinion of the court is not without authority to support it, it is a case of drifting into a situation approaching the ridiculous.  We are holding a child's music box, which is nothing more than a toy, a plaything, to be a musical instrument.  This, in my judgment, does an injustice to the art as well as the common understanding of what constitutes music and muscial instruments.

The judgment of the board should have been reversed and the collector should have been sustained.