UNITED STATES *v.* B. ILLFELDER & CO. (NO. 3301)[1]

United States Court of Customs and Patent Appeals, April 29, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument April 16, 1930, by Mr. Igstaedter and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This appeal involves the proper classification of certain so-called ukuleles. The official sample, Exhibit 1, shows these to be 10 inches in length, 3¼ inches in width at the widest part, and with the body about 1 inch in thickness. They are made of tin, have each four small gut strings, and have a neck and pegs of wood, the neck being connected with the tin portion by means of tacks or small nails. The strings can be tightened or loosened by means of the pegs. A piece of marked paper is pasted under the strings in lieu of frets. They are invoiced at about 12½ cents each, and were classified by the collector as toys, under paragraph 1414 of the Tariff Act of 1922.

The importer contended that these were properly classifiable as musical instruments under paragraph 1443 of said act, with alternative claims as manufactures of wood under paragraph 410, and as manufactures of metal under paragraph 399 of said act. The two latter claims, however, are not pressed here, and will not be further considered, the only question involved being whether the goods are musical instruments or toys.

---

[1] T. D. 44002.

The court below, after hearing some testimony which included the record in Abstract 6789, came to the conclusion that under the decision of this court in *United States* v. *Bernard, Judae & Co.*, 13 Ct. Cust. Appls. 306, T. D. 41230, it was constrained to hold the articles of importation to be musical instruments, quoting, in so holding, an excerpt from the opinion of this court filed therein, in which we gave approval to a part of the opinion of Mr. Chief Justice Fischer of the Customs Court in the same case, to wit:

> If an article is capable of being played upon as a musical instrument by a person who has learned to play such an instrument, whether that person be a child or an adult, it can not be said to be chiefly designed and suitable for use as a plaything for children, and is not a toy. If it is so capable of being played upon as a musical instrument, it is immaterial what may be its size, the quality of its tone, its price, or the cheapness of its construction. '

The court, however, speaking through Sullivan, Justice, expressed the idea that to so hold was repugnant to the common sense of the court. This court finds itself in harmony with the suggestion last above made by the court below. These articles of importation, in our opinion, are not musical instruments, nor do they, under the testimony in this case, comply with all the conditions and requirements specified by Chief Justice Fischer in his opinion above quoted.

The evidence shows that these articles are used by children for their amusement. There is no evidence in the record of any substantial use otherwise. One witness, Arthur S. Shaw, took the witness stand and attempted to demonstrate that the articles could be used for the purpose of playing tunes. By an arduous process of picking, he was able to produce what he denominated the musical selections of Crazy Rhythm, Home Sweet Home, and Yankee Doodle. Most of this was on one string, a process which he explained by stating that he was not familiar with this instrument.

There is no evidence in the record, of any kind, to show that the instruments are used in orchestras, in teaching music, or for any other like purpose. One witness, Victor M. Adler, in an inserted record, stated that he had seen a small ukulele used on the stage, of about the same size as the one in question here, but whether it was the same or not he did not state.

We are clearly of opinion that these goods are not musical instruments. It will be observed that Chief Justice Fischer stated in the *Bernard, Judae & Co.* case, *supra*, that to constitute a musical instrument the article must be capable of being played upon as a musical instrument by a person who has learned to play such an instrument. No one has contended, in this case, that these imported articles are capable of being played upon, as ukuleles are usually played upon, by musicians conversant with their use. The fact that some one can

painfully and arduously pick a tune, or tunes, out of one of these tin contrivances, does not at all prove its use in playing music as ukulele players would play it. In our opinion they are nothing but toys and should be classified as such.

The case is not to be compared with the *Bernard, Judae & Co.* case, *supra*. In that case small-size cornets and trombones, well made, capable of being played by any cornet or trombone player, actually used for instruction and in orchestras, were held to be musical instruments. This court held, in relation thereto, that the size of an instrument was not material so long as the musical instrument could be used as such musical instruments are commonly used. In *United States* v. *Borgfeldt & Co.*, 13 Ct. Cust. Appls. 620, T. D. 41461, small music boxes were before this court. These music boxes were of various kinds, some playing one tune and some several, but each capable of being played as music boxes are usually played. The case was close and doubtful, but the court held they were musical instruments, Bland, Judge, dissenting.

This case rests on much different ground, and is not ruled by either of the cases cited.

The judgment of the Customs Court is *reversed*.