(C. D. 730)

THORENS, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 12, 1943)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph B. Brady*, special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: The merchandise the subject of this protest is represented by exhibit 1 before us. It consists of a toilet paper distributor or roll holder designed to be hung on or set into the wall. In back of the wooden plate which forms the front of the article is attached a music-box movement so arranged that upon using the device the music-box mechanism is started and plays the popular refrain "Whistle While You Work," automatically stopping at the end. A winding key projects through the wooden plate.

The article was assessed with duty at the rate of 33⅓ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930 for "manufactures of wood * * * or of which wood * * * is the component material of chief value, not specially provided for." It is claimed to be properly dutiable at the rate of 20 per centum ad valorem under the provisions of paragraph 1541 (a) of the Tariff Act of 1930 as modified or amended by the provisions of the Swiss Trade Agreement, reported in T. D. 48093, for—

Music boxes and parts thereof, not specially provided for.

or, alternatively, to be dutiable at the rate of 27½ per centum ad valorem under the provision in paragraph 372 of the act of 1930 for—

* * * all other machines, finished or unfinished, not specially provided for.

The evidence, besides exhibit 1, consists of the testimony of Kenneth G. Hallock, sales manager of the plaintiff company, the importer of the article, who stated that he had been in the music-box business for about 5½ years. When asked to state what a music box is, he replied:

We consider a music box any type of box that contains a Swiss musical movement, irrespective of the use of that box. It may be just for amusement; it may have a utilitarian purpose, as long as it contains a Swiss music works and is encased in wood; rarely in metal.

We note that the witness' opinion as thus given refers to boxes, "any type of box that contains a Swiss musical instrument." The article in issue is not a box; it is a wooden toilet roll holder to which is attached a music box. The music box is therefore an attachment or incident to the roll holder.

Research of the adjudicated cases indicates that it has been consistently held that where the music-box feature of an article is an incident thereto, it is not classifiable under the provision for musical instruments, from which the provision in the Swiss Trade Agreement for music boxes was derived. Thus, in *Rud. Wurlitzer Co.* v. *United States*, T. D. 25310, 7 Treas. Dec. 801, alarm clocks fitted with musical attachments were held to be properly dutiable under the provision for clocks rather than the provision for musical instruments; in *Fontaine, Inc.* v. *United States*, T. D. 39113, fancy boxes, trimmed with laces and beads and ornamented with dolls' heads, having concealed inside a musical fitting or device, were held to be dutiable as articles in part of trimming, rather than under the provision for musical instruments; and Christmas-tree stands having incorporated therein a music box were held, in *Lador, Inc.* v. *United States*, 4 Cust. Ct. 123, C. D. 304, to be dutiable under the provision for manufactures of metal, not specially provided for, rather than under the musical-instrument provision in the existing tariff act, as modified by the Swiss Trade Agreement, *supra*.

Where the music-box feature of the article was found to be the predominant one, it has been consistently held that the article is entitled to classification under the provision for musical instruments. See *Baldwin Shipping Co.* v. *United States*, Abstract 46414 (old series); *G. W. Sheldon & Co.* v. *United States*, Abstract 8118; and *United States* v. *Borgfeldt & Co.*, 13 Ct. Cust. Appls. 620, T. D. 41461.

Counsel for the plaintiff, in the brief filed in the latter's behalf, calls attention to the fact that shortly after the Swiss Trade Agreement was entered into the United States Tariff Commission issued a publication entitled "Concessions Granted by the United States in the Trade Agreement with Switzerland." On page 253, under the

heading "Music Boxes and Parts," and the subheading "Description and uses" the following statements are made:

A music box is an instrument, the musical notes of which are produced by the vibrations of steel teeth actuated by pins or projections on the face of a revolving cylinder or disk. The mechanism, enclosed, in a box, usually of metal or wood, is operated either by a spring motor or by a hand crank.

Music boxes of the type considered here frequently have a container top or lid which may be used as a receptacle for powder puffs, jewelry, cigarettes, etc. Some very low-priced music boxes, usually operated by a hand crank, and enclosed in a flimsy case, being essentially playthings for children, are classified as toys under paragraph 1513 rather than as musical instruments under paragraph 1541 (a).

Imports under paragraph 1541 (a) consist principally of music-box movements imported separately. They are complete mechanisms such as can be placed in boxes or cases. Many of these imported movements are used in the manufacture of novelties in the United States.

Noting particularly the first sentence of the second paragraph quoted above, plaintiff's counsel points out in the brief that a music box of the type there described "is unquestionably a music box within the intention of the parties to the trade agreement," and apparently concludes that the rule, consistently adhered to in decisions on the subject, that where the music-box feature is an incident to the article it is not classifiable under the provision for musical instruments, is in conflict with the intent of the parties to the trade agreement.

We do not agree with this view. In the first place, while publications of the Tariff Commission of the type referred to are often very helpful in the determination of doubtful questions of classification, they are, nevertheless, not necessarily controlling. The publication in question was apparently issued *after* the conclusion of the trade agreement, and does not purport to have been issued by any agency which was concerned in the actual negotiation of the agreement. It therefore cannot be said to express authoritatively the intent of the parties to the agreement. In a foreword on the title page of the publication we find the following explanation of what is contained therein:

Summarized statements or digests of information regarding each commodity on which a concession was made by the United States in the Trade Agreement with Switzerland constitute the body of this volume. These digests are synopses of the information gathered by the United States Tariff Commission in compliance with that part of Senate Resolution 334, 72nd Congress, 2d Session, which called for the revision of the summaries of tariff information heretofore compiled by the Commission. Information which has been obtained from individual concerns has been used in these digests, as in summaries of tariff information released by the Commission, only where, and in so far as, the use of the information would not reveal the operations of individual concerns.

Secondly, it may well be that as to the music-box powder puff holders, cigarette cases, jewelry cases, etc., referred to in the summary, the music box use is considered to be the predominant one and the use for holding articles such as powder puffs, cigarettes, and jewelry may be one which is commonly regarded as incidental, the box as a whole then being used as a music box is ordinarily used. The article in the case at bar so plainly indicates its actual character that it must necessarily be relegated to but one room in the house, there to serve primarily for its utilitarian function, whatever amusement or enjoyment being derived from the operation of the musical feature being purely incidental.

Surely it could not be seriously maintained, carefully examining exhibit 1, that it is a music box. Certainly it is not such a music box or gadget, or whatever it may be, as would be used in the living room or the conservatory to dispense music to guests, regardless of the testimony of the witness, which may be called at best his own personal opinion and conclusion, and as proof amounts to naught. In the final analysis it must be concluded that the primary use and purpose of the gadget, exhibit 1, is as something decidedly at variance with the dispensing of music.

We therefore overrule the protest claim for duty under the provisions of paragraph 1541 (a) of the Tariff Act of 1930 as amended by the Swiss Trade Agreement, *supra*. In the alternative, plaintiff urges a second claim for a lower rate of duty than that assessed. This claim is that the article falls within the provision for machines, not especially provided for, in paragraph 372 of the Tariff Act of 1930, and in this connection the case of *Simon, Buhler & Baumann* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, is cited for the definition of the term "machine" as "a mechanical contrivance for utilizing, applying, or modifying energy or force, or for the transmission of motion."

In *United States* v. *Adler-Jones Co.*, 20 C. C. P. A. 397, T. D. 46231, a manikin with a concealed mechanism which would, by a clock work and pendulum arrangement, cause the body and head to swing or rock back and forth, was held not to be a machine, notwithstanding the definition in the *Simon, Buhler & Baumann* case, *supra*, the court pointing out that the article must be considered as a whole. In the case at bar we believe the music-box feature to be incidental to the main purpose of the article and it would be somewhat anomalous to permit the mechanism in the incidental feature to govern the classification of the article taken as a whole.

The alternative protest claim is therefore overruled, and judgment will issue in favor of the defendant.