(C. D. 965)

Thorens Co. *v.* United States

United States Customs Court, First Division

(Decided November 14, 1945)

Barnes, Richardson & Colburn (*Joseph Schwartz* of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before Oliver and Cole, Judges

Oliver, Presiding Judge: These protests, which have been consolidated for trial, are against the action of the collector at the port of New York in classifying as toys certain articles imported from Switzerland, described as "music boxes," and assessing duty thereon at 70 per centum ad valorem under paragraph 1513, Tariff Act of 1930.

The music boxes in question are identified on the invoices as item "C. R. 118" or "C. R. 118R." No identical sample of the imported item was produced, but samples illustrating the merchandise were received in evidence, from which a fairly accurate picture of the item in question is obtained. It consists of a round metal box approximately 3¼″ in diameter and about 1¾″ in height. On the top there are different colored pictures. It is operated by a crank located on the top surface and will operate whichever way the crank is turned. Inside the case is the 18-note music-making unit. The complete article weighs about 11 ounces and retails for $4 or more each.

Plaintiff claims these boxes to be properly dutiable under paragraph 1541 (a), as modified by the trade agreement with Switzerland (T. D. 48093), by virtue of the provision therein providing for "Music boxes and parts thereof, not specially provided for, 20% ad valorem." It may be noted that other music boxes (automatic—without a crank) on the same invoices were classified as musical instruments under paragraph 1541 (a).

The general sales manager for the plaintiff described the article in question as follows (R. 9):

* * * CR118, your Honor, is a music box in a metal container, with a handle on the top, and the top of the box ornamented by a picture. The music is pro-

duced by turning the crank, in contradiction with other music boxes, which are automatic, but which have no greater musical range, and this type of music box, some of them contain classical compositions and others contain folk songs, and still others, nursery rhymes.

The witness testified that the music box in question is of substantial construction and very durable, which is obvious from an examination of the record and illustrative samples. He added that these boxes had a paper on the top with varying pictures, which in some instances included the alphabet (R. 25), and that it could be cranked either way in order to prevent stripping of the gears (R. 23). This particular music box works with 18 notes (R. 4), and plays classical compositions, folk songs, sacred music, or nursery rhymes (R. 9-24). It sells for $4 up, each, retail (R. 18).

He stated that he had been in the musical merchandise business for about 22 years (R. 3) and had seen these music boxes used over a period of almost 10 years (R. 21). As to their use he declared that he had seen similar music boxes used in "kindergarten schools and kinder-symphony orchestras, for the purpose of inculcating a true pitch and tone and a knowledge of music in the minds of young persons" (R. 21). He said that he had also seen them used by adults for amusement (R. 25).

Testifying for the defendant, the general manager and treasurer for a concern importing and manufacturing musical novelties stated that his company handled a crank music box which was made by his factory in Switzerland (illustrative exhibit D). It had 18 notes. He testified further that he had imported many thousands of them during the 24 years he had been in business (R. 28), and had sold and given away articles similar to plaintiff's illustrative exhibits and had seen them used a great number of times by children 6 to 10 years of age and up (R. 29). He said that this music box is constructed with a crank control "just for a child to turn the crank around and amuse itself," and that the crank can be turned either way, right or left, so as not to break the keys inside (R. 30). He had also seen similar articles in toy departments and had seen some of them in the music department of one large department store (R. 31). He said his product (illustrative exhibit D) sells for around $3 each, retail (R. 32), and that he sells articles like the imported music boxes as "crank boxes"; the automatic type as regular music boxes (R. 33).

The Government argues that the provision for toys is a use provision and that, even if they are music boxes, the fact that they are toys is sufficient to warrant the sustaining of the collector's classification under the well-established rule of construction that a classification by use will prevail over a general classification or even an *eo nomine* designation, in the absence of a clear congressional intent to the contrary. (*Julius Forstmann & Co.* v. *United States*, 28 C. C. P. A. 222, C. A. D. 149.)

Since we do not find these music boxes to be toys, the above rule of construction has no application.

The issue presented here is, when, in a tariff sense, is a music box not a music box? The answer must be, when it is a toy.

In determining the meaning of a controverted term in a trade agreement, analysis of that document by the Department of State on the day it was signed should be considered. (*United States* v. *Armaghanian*, 27 C. C. P. A. 170, C. A. D. 81.) Likewise, while not necessarily controlling, it would seem proper to consider publications of the United States Tariff Commission containing trade data respecting the products affected by the reciprocal trade agreements. In such a publication of the Commission in 1936 relative to the "Concessions Granted by the United States in The Trade Agreement with Switzerland," both automatic and crank music boxes are referred to as musical instruments (p. 253):

A music box is an instrument, the musical notes of which are produced by the vibrations of steel teeth actuated by pins or projections on the face of a revolving cylinder or disk. The mechanism, enclosed, in a box, usually of metal or wood, is operated either by a spring motor or by a hand crank.

\* \* \* \* \* \* \*

\* \* \* Some very low-priced music boxes, usually operated by a hand crank, and enclosed in a flimsy case, being essentially playthings for children, are classified as toys under paragraph 1513 rather than as musical instruments under paragraph 1541 (a).

The box before us for consideration is obviously not "very low priced," nor is it "enclosed in a flimsy case." Neither has it been established in this record that they are "essentially playthings for children."

In this connection, it is interesting to note *United States* v. *Borgfeldt* (13 Ct. Cust. Appls. 620, T. D. 41461), wherein our appellate court held that small, cheap, but durable and ornamental music boxes were dutiable as musical instruments under paragraph 1443, Tariff Act of 1922, saying (p. 624):

Assuming that these boxes are used by children, the board may well have been of opinion that the letters of the alphabet printed on one of the boxes were for the education of children and that all the boxes were capable, and designed for the purpose, of accustoming and educating the ear to appreciate correct combinations of harmonious notes which constitute a musical composition, thus imparting the beginnings of a musical education.

Paragraph 1513 of the present act provides, among other things, for toys, and some articles enumerated therein which may not necessarily be toys are preceded by the word "toy," such as toy marbles, toy games, toy containers, etc. The Congress in the same paragraph and for the first time has defined "toy," as follows:

\* \* \* As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. \* ~

In our opinion, based on the record presented here, this music box is not a toy. Its chief use, as shown by this record, is for its educational value. While chiefly used by children, such use is not so much for its play value but rather as a means of attracting and holding the child's interest in order to promote its mental development.

In accordance with the foregoing, we hold that these crank music boxes are dutiable as musical instruments under paragraph 1541 (a), as modified by the trade agreement with Switzerland at 20 per centum, as claimed. The protest is sustained to this extent and overruled in all other respects.