**No. 52878.**—Jovita Perez *v.* United States, petition 6598–R (Laredo).

Opinion by JOHNSON, J. At the time of entry, in the presence of the appraiser, the broker questioned the foreign manufacturer as to the value. He confirmed the invoice prices as being correct and at that time the appraiser had no other information available. Later, the appraiser notified the broker that the values of the candies were somewhat higher than the entered values and the broker was afforded an opportunity to amend the entry. In amending same, a bottle of ink was spilled thereon and a typist in the broker's office in copying same inadvertently entered certain of the candy at $1.35 per kilo unit instead of per package. The evidence fully established that the petitioner was without intention to defraud the Government of revenue or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, FEBRUARY 16, 1949

**No. 52879.**—Barth-Feinberg, Inc. *v.* United States, protest 143841–K (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of music boxes similar in all material respects to those the subject of *Thorens Co.* v. *United States* (15 Cust. Ct. 165, C. D. 965). In accordance therewith the claim of the plaintiff was sustained.

**No. 52880.**—Gedeon Richter Pharmaceutical Products, Inc. *v.* United States, protests 144278–K, etc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378). The claim at 10 percent under paragraph 34 was therefore sustained.