**AMICO, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 78–6.**

United States Court of Customs and Patent Appeals.

Oct. 26, 1978.

---

Allerton deC. Tompkins, Tompkins & Davidson, New York City, attys. of record, for appellant.

Barbara Allen Babcock, Asst. Atty. Gen., David M. Cohen, Chief, Customs Section, Washington, D. C., Susan C. Cassell, New York City, for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN, MILLER, Associate Judges, and FORD,* Judge.

RICH, Judge.

This appeal is from the judgment of the United States Customs Court, 79 Cust.Ct. 125, C.D. 4723, 447 F.Supp. 444 (1977), denying the importer's motion for summary judgment and granting[1] the Government's cross-motion for summary judgment. We affirm in part and reverse in part.

The imports were invoiced as "Musical Dancing Couple" or "Dancing Figures." The bottom portion of each article consists of a musical mechanism or movement, encased in "Lucite," the box being approximately two and one-quarter inches high with brass corner posts and other fittings. The music box works consist typically of a metal cylinder with tiny knobs projecting from its surface, two gears, and a metal "comb" the plucking of the teeth of which

produces the sound. When the spring-powered movement operates, the cylinder gears revolve and the metal teeth are plucked by the projecting knobs producing a melody. At the same time, a small rectangular plate is slowly oscillated vertically. Two small figurines, almost two inches high, representing a dancing couple in evening attire, are attached to a metal shaft which is inserted through an opening in the top of the "Lucite" box and rests on said oscillating plate, causing the metal shaft and the figures to bob up and down. This bobbing action, in turn, gives the figures, whose legs are free-swinging, the appearance of dancing to the music. The figures are enclosed in a transparent plastic dome, approximately three inches high, which fits on top of the music box portion. The music box, the figures, and the dome are not permanently attached to one another and may be easily disassembled.

## Statutory Provisions

The articles were initially classified under TSUS item 737.80, as modified by Presidential Proclamation 3822, 32 F.R. 19002, T.D. 68–9:

> Toys, and parts of toys, not specially provided for:
>
> 737.80    Toys having a spring mechanism
> . . . . . . . . . . . . . . . 22% ad val.

Appellant claims the articles should be classified under TSUS item 725.50, as modified by Presidential Proclamation 3822, 32 F.R. 19002, T.D. 68–9:

> Other music instruments:
>
> 725.50    Music boxes . . . . . . . . . . . . . . 8% ad val.

▉ Alternatively, appellant claims the imports should be classified as household articles under one of the following:[2]

---

* The Honorable Morgan Ford, United States Customs Court, sitting by designation.

1. It does not appear that the motion was in fact granted in toto as will hereinafter appear, notwithstanding the conclusion of the opinion below stating that it was granted.

2. In the Customs Court, appellant urged yet another alternative claim for classification. This claim is inconsistent with the finding of the Customs Court that the articles are entireties, with which finding appellant explicitly agrees on appeal, and is thus deemed abandoned.

SCHEDULE 6.—METALS AND METAL PRODUCTS

Part 3.—Metal Products

\*     \*     \*     \*     \*     \*

Articles, wares, and parts, of base
metal, not coated or plated with
precious metal:

Of iron or steel:

Not enameled or glazed with
vitreous glasses:

\*     \*     \*     \*     \*     \*

653.94   Other ................... 8.5% ad val.

Of copper:

654.00   Of brass ................ 5% ad val.

\* \* \* household articles not
specially provided for; all the
foregoing of rubber or plastics:

\*     \*     \*     \*     \*     \*

SCHEDULE 7.—SPECIFIED PRODUCTS; MIS-
CELLANEOUS AND NONENU-
MERATED PRODUCTS

\*     \*     \*     \*     \*     \*

772.15   Other ................... 8.5% ad val.

In view of our disposition of the case, we do not reach this alternate claim and the other allegations of error made by appellant.

### Proceedings Below

The Customs Court disposed of the action on cross-motions for summary judgment. Appellant had pressed its claim for classification as "music boxes" under TSUS item 725.50, arguing that the Government's initial classification was in error because the merchandise could not properly be thought of as toys. In support of its motion, appellant submitted a sample of the merchandise and three uncontroverted affidavits. The affidavit of Mickelberg, appellant's vice president in charge of sales, stated that the article was chosen as a music box because it was thought that it would fit in appellant's line; that a music box mechanism, per se, is not attractive and has little or no consumer appeal unless contained in an appropriate attractive box; and that the clear plastic box and dancing figures were selected as ornamental features which would appeal to certain classes of women as potential purchasers. He further stated that without the dancing figures the article would not have the same appeal to the target consumer group and that, by themselves, the danc-

ing figures have no useful commercial application. Finally, he stated that he had never seen nor heard of the article being used for the type of amusement provided by playthings. The affidavits of Ms. Lorraine Squaresky, assistant to the president of appellant and supervisor in charge of ordering and importing foreign merchandise, and Mrs. Ruth Arch, a Philadelphia, Pennsylvania, housewife who purchased, used and observed the use of the imported articles, stated that they had never seen the article used for amusement of the kind usually associated with toys; that, to their knowledge, the article is used only for the listening enjoyment which it provides; and that the dancing figures are merely a decorative feature of the music box which makes it appeal to teenage girls.

The Customs Court held that appellant had satisfied the burden of overcoming the presumption of correctness of the Government's classification:

On this question, we must agree with the plaintiff. For an examination of the sample without more is persuasive that the importation does *not* give the same kind of "frivolous enjoyment" one would derive from objects commonly thought of as toys.

\* \* \* In addition, we have the uncontradicted affidavits of three persons making clear the kind of enjoyment teenagers obtain through use of the imported articles—an enjoyment which the court must conclude is scarcely the same kind of enjoyment as playthings give.

However, the court held that appellant had not met the burden of showing that its own claimed classification was correct, and, applying the "more than" theory, denied its claimed classification. Adopting the definition of "music box" which that court had approved in *I. Pukel v. United States*, 60 Cust.Ct. 672, C.D. 3497 (1968), the Customs Court found that the function of the dancing figures was "not incidental or subsidiary" to the function of the music box portion of the article. In support of this finding, the court cited two decisions in which combination articles containing music box

mechanisms had been held to be "more than" music boxes, *Thorens, Inc. v. United States*, 31 CCPA 125, C.A.D. 261 (1943) (toilet paper dispenser with music box mechanism); *Lador, Inc. v. United States*, 4 Cust.Ct. 123, C.D. 304 (1940) (Christmas tree stand incorporating music box mechanism).

Turning to appellant's alternative claim that the articles should be severed for classification purposes into the music box and figure portions,[3] the court applied the doctrine of entireties, holding that the music box, dancing couple, and dome components form, in combination, a new article possessing a distinctive character different from that of its parts.

After denying appellant's motion for summary judgment, the court then granted the Government's motion for summary judgment, notwithstanding the fact that it had rejected the initial classification assigned upon liquidation and pressed by the Government as the basis for granting its motion and had not considered appellant's alternative claim that the articles should be classified under items 653.95, 654.00, or 772.-15.

## OPINION

■ While we are in agreement with the Customs Court that the imported articles cannot properly be classified as toys, we do not agree that the articles are "more than" music boxes. We feel that appellant has carried the burden of showing the correctness of its claimed classification as "music boxes" under TSUS 725.50. The sample is potent evidence. We agree with appellant that the function of the dancing couple is solely that of design and appearance, and, as such, is subordinate and incidental to the function of the music box qua music box. Such selling features, auxiliary as they are, have no function apart from that of the music box which they adorn. Appellant's

affidavits are compelling in this respect. According to Mr. Mickelberg:

5. The mechanism in a music box is not attractive. It has little consumer appeal unless it is contained in an appropriate attractive box. Those people who sell musical music boxes on the market in the United States design appropriate music boxes to conform to the song of the mechanism and thus produce an entirety that has consumer appeal to a class of people.

\* \* \* \* \* \*

\* \* \* The ornamental revolving (dancing) figures simulate appropriate romantic motion related to the waltz music. (They serve a purpose which can be likened to the purpose served by appropriate costumes and stage settings for an operatic or musical comedy performance). All of these combined things cause the entirety to appeal to teenage young ladies during the time in their lives when romance is important. Our sales were successfully directed to them. Without the dancers, the item would not have the same appeal to this group as a music box. Moreover, the top portions of this article (dancers under a dome) have no useful commercial application when separated from the balance (acrylic container with brass posts). The entirety is designed to be used as an entirety for sale to a particular class of people (teenage girls). If the said top portion were removed, the said bottom portion by itself is not saleable to teenage girls.

■ In addition, such features of adornment have not in the past served to alter the character of music boxes from the standpoint of the tariff laws.[4] In *J. C. Robold & Co. v. United States*, 43 Treas. Dec. 18, T.D. 39396, G.A. 8596 (1923), a music box mechanism equipped with a me-

---

3. Appellant had sought to have the music box portion of the articles classified under TSUS item 725.50, and the dancing figures portion classified under either item 737.20 or 737.40. See note 2, supra.

4. Although these decisions, except for the last two, were reported prior to there being a specific provision for music boxes in the tariff laws, they demonstrate an attitude towards incidental marketing features incorporated into articles which we find sound and adhere to, given the facts in this case.

chanical canary whose head, beak, and tail moved while the music played was held to be a musical instrument despite the lack of connection between the canary and the sound. In *United States v. Borgfeldt & Co.*, 13 Ct.Cust.Appls. 620, T.D. 41461 (1926), music boxes made for children, ornamented with pictures or alphabet characters, were held to be musical instruments rather than toys. Similarly, a music box in a piano-shaped container having space to store jewelry and other small items was held to be a musical instrument in *G. W. Sheldon & Co. v. United States*, 55 Treas. Dec. 1055, Abs. 8118 (1929). Finally, in *Henry Coehler & Co. v. United States*, 26 Cust.Ct. 406, Abs. 55455 (1951), and *Metasco, Inc. v. United States*, 27 Cust.Ct. 341, Abs. 55961 (1951), musical works encased in wooden boxes in the shape of churches were held to be music boxes. Surely, these items, which the Customs Court referred to as "possess[ing], in some instances, other minor incidental or subordinate functions" do not differ in kind from the music box incorporating two tiny dancers here involved. Thus we conclude that the emphasis placed by the court on the fact that the dancers constitute a major selling feature of the article is misplaced. This factor alone does not render the articles "more than" music boxes. The observation that appellant's descriptive literature (Ex. 2 submitted with the affidavit of Ms. Lorraine Squaresky) does not refer to the article as a music box is not firmly grounded. From the context of the entire page, the average reader would, in our view, be aware that each item listed is a music box, and that each differs from the others only in terms of ornamental features which make it appeal to certain consumers.

The decisions cited by the Customs Court for the proposition that combination articles including music boxes have been found to be "more than" music boxes are distinguishable on their facts. In each case, the item's component parts had separate and independent commercial functions. In *Thorens*, supra, the toilet tissue dispenser and the music box were each able to stand alone as an item of commerce. The same is true of the Christmas tree stand and music box in *Lador*, supra. Here, appellant's uncontested assertion, with which we agree, that the dancing figures have no value apart from their association with the music box, serves to set this case apart from *Thorens* and *Lador*.

We therefore hold that appellant's claimed classification of the imported articles as music boxes under TSUS item 725.50 is appropriate.

For the above reasons, the judgment of the Customs Court is *affirmed* insofar as it holds the initial classification to be erroneous, and *reversed* insofar as it (a) denies appellant's motion for summary judgment approving its claimed classification under TSUS item 725.50 and (b) grants the Government's motion for summary judgment.