**GOLDHOFER FAHRZEUGWERK GMBH & CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 82–4–00551.**

United States Court of International Trade.

Jan. 18, 1989.

Donohue and Donohue, James A. Geraghty, New York City, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Mark S. Sochaczewsky, New York City, for defendant.

## OPINION

TSOUCALAS, Judge:

Goldhofer Fahrzeugwerk GMBH & Co., plaintiff, brings this action to contest the denial of its protest pursuant to 28 U.S.C. § 1581(a). The parties cross-move for summary judgment. Plaintiff claims inadequate bulletin notice of liquidation concerning its importation of a multiaxle "gooseneck" semitrailer, entry no. 101757, on February 16, 1980, at the port of Norfolk, Virginia. Plaintiff argues in the alternative that even if the bulletin notice was adequate, such notice is insufficient to meet the minimum constitutional due process requirements. The government insists that the bulletin notice was adequate and that the Court lacks jurisdiction because plaintiff failed to file its protest with-

in the ninety-day protest period. 19 U.S.C. § 1514(c)(2). The government also contends that constructive notice is a constitutionally sufficient means to apprise importers of liquidation.

### Background

A transcription error by the United States Customs Service (Customs) generated a name other than plaintiff's on the computer printout sheet which served as bulletin notice of liquidation, posted in the customhouse pursuant to 19 C.F.R. § 159.9(b),[1] on June 5, 1981. Prior to posting the notice, a clerk manually corrected the error, writing in the name and address of plaintiff, "Goldhofer Fahrzeugwerk GMBH & Co.," between columns of data in three segments, spelled "Goldhofer" in one part, "Zahreug" in another and "werk" in yet a third part of the line; the address was written at the bottom of the printout sheet. *See Post–Argument Brief for the United States, Defendant* at Exhibit 3. Additionally, plaintiff never received courtesy notice of liquidation[2] because the error had caused the courtesy notice to be sent to the party originally listed on the printout sheet. Plaintiff protested the liquidation on December 1, 1981, one hundred seventy-nine days after bulletin notice, but within ninety days of the date of "REBILL C.F. 6084," which plaintiff claims is the proper notice date. *See Plaintiff's Brief in Support of Motion for Summary Judgment* at *Statement of Material Facts*, # 12 [hereinafter *Plaintiff's Brief*]. The protest was denied as untimely filed.

The issues are: (1) whether the above described listing of plaintiff's name constituted proper notice as required by section 500(e) of the Tariff Act of 1930, *as amend-*

---

1. 19 C.F.R. § 159.9(b) states:

   *Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry (or Customs station, when the entries listed were filed at a Customs station outside the limits of a port of entry), or shall be lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidation of entries are to be found.

2. Under the regulation, Customs "will endeavor to provide importers or their agents with Customs Form 4333–A, 'Courtesy Notice', for entries ... scheduled to be liquidated.... This notice shall serve as an informal, courtesy notice and not as a direct, formal, and decisive notice of liquidation." 19 C.F.R. § 159.9(d).

*ed,* 19 U.S.C. § 1500(e); [3] and (2) whether the failure to provide courtesy notice, regardless of bulletin notice, is a constitutional deprivation of due process.

## Discussion

■ Notice of liquidation is intended to apprise importers of an action taken which may affect their interests, and to afford them an opportunity to invoke "the provisions of law by which administrative and judicial review of the [Customs] action may be secured." *Lansdowne Distillery v. United States,* 39 Cust.Ct. 190, 194, C.D. 1925 (1957) (quoting *Wong Sang Man v. United States,* 27 Cust.Ct. 248, 250, C.D. 1379 (1951)). Without proper notice, liquidation is incomplete and the statute of limitations for filing a protest will be tolled until the parties are adequately notified. *Id.* at 194.

■ Plaintiff argues that the manual correction did not provide the notice required by law because Customs had an established administrative practice of preparing such notices by automated data processing. According to plaintiff, the manual notation was absolutely useless and the deficiency could not be cured until the data base was corrected and a new CF 4333 [4] was generated and posted, or until it was supplemented by actual notice by mail. *Plaintiff's Brief* at 6.

Contrary to plaintiff's position, however, proper liquidation notice requires only that an importer's name be posted and displayed "in a conspicuous place in the customhouse at the port of entry...." 19 C.F.R. § 159.9(b). There is no requirement that notice must be in the form of a computer printout. Notice is legally sufficient if "the importer could [not] have reasonably been misled or confused by the bulletin notice of liquidation, as posted...." *United States v. Judson Sheldon Div., Nat'l Carloading Corp.,* 42 CCPA 202, 203–04, C.A.D. 594 (1955). The Court cannot envision how plaintiff could have been misled by this notice. The name of plaintiff, albeit, handwritten in between columns of data, was legible and readily discernible. It is clear that plaintiff's name was intended to replace the crossed out name. Furthermore, plaintiff's name appears in its proper alphabetical sequence, next to the correct entry number as well as the correct date of entry. *See Steinhardter & Nordlinger v. United States,* T.D. 43764, 56 Treas.Dec. 697, 699 (1929). A prudent importer would have concluded that it was his entry which was posted. At the least, plaintiff should have inquired into the nature of the correction. *See Judson Sheldon,* 42 CCPA at 206.

Plaintiff asks the Court to follow *United States v. Astra Bentwood Furniture Co.,* 28 CCPA 205, 207, C.A.D. 147 (1940), where the court found liquidation to be incomplete when the notice identified the importer as "Astringent Wood Furniture Co." rather than as "Astra Bentwood Furniture Co." The court found that, in effect, no notice was given because the notice did not correctly state the date or name of the importer. *Id.* at 211. However, *Astra* is distinguishable on its facts because the corrected entry here accurately provided the name of the importer, whereas in *Astra,* the name provided was different from that of the importer.[5] Each case is to be determined by its own particular facts. *Id.* at 212.

---

**3.** 19 U.S.C. § 1500(e) states the following:
   The appropriate customs officer shall, under rules and regulations prescribed by the Secretary—
   (e) give notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in such regulations.

**4.** Notice of liquidation of formal entries is made on Customs Form 4333 (CF 4333) which is the bulletin notice of liquidation under 19 C.F.R. § 159.9(a).

**5.** Additionally, even though the name appears to have been misspelled, the name is written as it appears on certain customs entry papers filled out by plaintiff and does not, therefore, prejudice plaintiff. *See Post-Argument Brief for the United States, Defendant* at Exhibits 1,2. In *Howard Rapaport v. United States,* 4 CIT 215, 216–17 (1982), the plaintiff claimed prejudicial error when Customs listed the importer's name as "In-Novo Co." rather than its full name, "In-Novo Engineering and Development Company," and listed the date of entry as "07–22–08" rather than "07–22–80." The court, however, found that "[n]either of these clerical errors [was] of sufficient importance to void this liquidation." *Id.* at 216. The decision was, no doubt, influenced by plaintiff's protest being

Plaintiff additionally maintains that it should prevail regardless of the adequacy of the manually corrected bulletin notice, because it never received the customary courtesy notice through the mail. Plaintiff suggests that such notice has become mandatory, referring to a Customs Court case which held that:

> [w]here an administrative agency over a long period of time establishes a practice of informing persons who have business before the agency of their obligations to the agency, such persons are entitled to assume that the established practice will be followed, in the absence of notice that it has been discontinued.

*Lansdowne Distillery,* 39 Cust.Ct. at 195. In *Lansdowne,* the importer was not given access to entry papers which contained the facts upon which the collector based his action. *Id.* at 193. Plaintiff "could not examine [the papers] to determine whether or not it desired to avail itself of the right to protest...." *Id.* The failure to carry out this administrative practice prevented plaintiff from pursuing his claim whereas in the instant action, plaintiff was not deprived of any such right.

Plaintiff was not justified in relying solely upon the courtesy notice in light of strict language used in the regulations detailing the informality of courtesy notice and in light of applicable case law. The only notice that is statutorily mandated is bulletin notice "in a conspicuous place in the customhouse at the port of entry...." 19 C.F.R. § 159.9(b). Courtesy notice is not the notice established by Customs in 19 C.F.R. § 159.9. *United States v. Reliable Chemical Co.,* 605 F.2d 1179, 1182, 66 CCPA 123, 126, C.A.D. 1232 (1979). As affirmatively stated in *Reliable Chemical,* the importer knows or should know that "the date of liquidation shall be the date the bulletin notice is posted in the customhouse," *Reliable Chemical,* 605 F.2d at 1183, 66 CCPA at 127, not the date it receives courtesy notice.[6]

The need to monitor the bulletin posting has been repeatedly emphasized. "[I]t is the plain duty of a prudent importer ... to examine all notices posted in order to determine whether or not liquidation has been made on entries with which said importer is concerned." *Henry A. Wess, Inc. v. United States,* 57 Cust.Ct. 139, 143, C.D. 2743 (1966), *aff'd,* 54 CCPA 77, C.A.D. 910 (1967). The agency has no duty "to enlarge or broaden the mandatory requirement of the law," 54 CCPA at 80, merely because the importer has become accustomed to an extended courtesy. "The importer has the burden to check for posted notices of liquidation and to protest timely." *Omni U.S.A., Inc. v. United States,* 11 CIT ——, ——, 663 F.Supp. 1130, 1133 (1987), *aff'd,* 840 F.2d 912 (Fed.Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988). Hence, plaintiff importer should have known of the requirement of posting bulletin notice, had a duty to monitor the customhouse bulletin and should not expect its rights to be expanded upon the nonreceipt of courtesy notice.

The position that courtesy notice is only a "courtesy" is buttressed by the legislative history of the statute which indicates that while Congress intended that courtesy notice be sent, Congress did not anticipate that it be the primary or the required man-

---

filed "in the name of 'In–Novo Co.' as [well as] other correspondence sent to Customs and attached to the moving papers." *Id.* at 217.

Likewise, the omission of "GMBH & Co." is not fatal to adequate notice. *E.g., Steinhardter,* 56 Treas.Dec. at 698–99 (abbreviated name from "Steinhardter & Nordlinger" to "Steinhard & Nord" held to be valid notice because it was only "somewhat abbreviated" and sufficient to notify the parties of the liquidation); *see also Cavalier Shipping Co. v. United States,* 39 Cust.Ct. 219, 224, C.D. 1932 (1957) (abbreviation of the importer's full name not misleading or confusing since it was indubitably clear that the reference was to the importer); *but see M. Dub-* *lin v. United States,* 2 Cust.Ct. 14, 17, C.D. 77 (1939) (notice was not legally sufficient where the entry was posted as "'W.J. Byr' something, either nes or nns or nos" and the broker's name was "W.J. Byrnes & Co. of New York, Inc.").

6. Plaintiff relies heavily in its brief on the decision of this Court in *State Metals, Inc. v. United States,* 82 Cust.Ct. 91, C.D. 4793 (1979), *vacated as moot,* 84 Cust.Ct. 51, C.D. 4840 (1980). However, the case was decided prior to the appellate court's decision in *Reliable Chemical,* and has since been vacated as moot; therefore, it has limited precedential value.

ner of alerting importers to liquidations. At the House hearings prior to the 1970 amendments to the Tariff Act of 1930, the Treasury Department assured that the "practice of mailing actual notice of liquidation of all dutiable formal entries to the last known address of the importer of record" would be continued. H.R.Rep. No. 1067, 91st Cong., 2d Sess. *reprinted in* 1970 U.S.Code Cong. & Admin.News 3188, 3210. Congress, however, did not intend courtesy notice to supplant the practice of monitoring the customhouse bulletin for posted notices.

> While courtesy notices of the liquidation of certain entries *may* be sent to importers or their agents ... an importer ... must check the bulletin notices regularly to ascertain whether entries have been liquidated and the dates of such liquidation if a refund is due....

H.R.Rep. No. 1015, 98th Cong., 2d Sess. 67–68, *reprinted in* 1984 U.S.Code Cong. & Admin.News 4960, 5026–5027 (emphasis added).

■ Plaintiff further argues that notice by publication alone does not meet minimum due process requirements prescribed under the United States Constitution. In support of this proposition, plaintiff relies on *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). The Court in *Mennonite* held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." 462 U.S. at 800, 103 S.Ct. at 2712 (emphasis in original). Plaintiff interprets *Mennonite* as creating a standard whereby posted notice, in government action, would be insufficient in all instances where the party in interest's name is readily ascertainable. This Court does not construe *Mennonite* as yielding to plaintiff's interpretation, particularly since both *Mennonite* and *Greene* reaffirmed and applied the principle of *Mullane v. Central Hanover*

*Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). There, the Court ruled that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 2142; *see also Greene*, 456 U.S. at 451, 102 S.Ct. at 1879 (the sufficiency of notice must be tested with reference to its ability to inform people of the pendency of proceedings that affect their interests). Thus, it is clear that the proper focus in determining the sufficiency of notice is on reasonableness; "whether a particular method of notice is reasonable depends on the particular circumstances." *Tulsa Professional Collection Services, Inc. v. Pope*, — U.S. —, —, 108 S.Ct. 1340, 1344, 99 L.Ed.2d 565 (1988).

The particular circumstances in the instant action merit this Court concluding that the method of posting bulletin notice was reasonable. The *likelihood* of the parties obtaining notice is the crucial factor. In *Mullane*, the Court found it significant that "[c]hance alone [brought] to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper ... the notice required [did] not even name those whose attention it [was] supposed to attract...." 339 U.S. at 315, 70 S.Ct. at 658. Similarly, *Greene* stressed that the notices "were 'not infrequently' removed by children or other tenants before they could have their intended effect." 456 U.S. at 453, 102 S.Ct. at 1879. The *Mennonite* Court also observed that "publication and posting [were] unlikely to reach those who, although they [had] an interest in the property, do not make special efforts to keep abreast of such notices." 462 U.S. at 799, 103 S.Ct. at 2711.

The concerns manifest in these three cases are not present in the instant action. However, in analagous situations, *i.e.*, where an administrative agency is required to give notice in the Federal Register and the regulations do not mandate personal notice, constructive notice has been held sufficient to meet due process requirements. *Kelley v. Secretary, U.S. Dep't of*

*Labor,* 812 F.2d 1378 (Fed.Cir.1987); *cf. Kentucky v. Brock,* 845 F.2d 117, 122 (6th Cir.1988) (constructive notice constitutionally sufficient despite Secretary of Labor's failure to notify petitioner of the final action); *Gustafson v. Bd. of Governors,* 717 F.2d 242, 246–47 (5th Cir.1983), *cert. denied,* 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 821 (1984) (distinguishing *Mullane* as not involving publication in the Federal Register and not concerning administrative proceedings). Even when an administrator assured the interested parties they would be informed of the agency's decision when it was issued, the statute of limitations was not tolled by lack of "courtesy notice," since the law required only published notice in the Federal Register. *Former Employees of Geosearch, Inc. v. United States,* 11 CIT ——, ——, Slip Op. 87–144 at 3–4 (Dec. 30, 1987) [1987 WL 32713]. Clearly, the bulletin notice is a means which is reasonably calculated to apprise an importer of the liquidation. One who avails himself of the advantages of importing goods into this country can expect liquidation notice to be posted in a specified location, with little probability of it being removed. A reasonably prudent importer is amply apprised of any action taken with respect to his merchandise through the bulletin process and must merely monitor the bulletin to be aware of liquidation. Thus, the Court finds bulletin notice to fall within the minimum constitutional standard since plaintiff is not in the same position as one in which notice is unlikely to reach.

### Conclusion

The Court finds that the bulletin notice, as posted, provided sufficient notice to plaintiff of liquidation; notice was given in accordance with customs laws and regulations.

Moreover, importers are presumed to know the customs laws of the United States since they are voluntarily bringing merchandise into the country. Plaintiff does not claim lack of knowledge in regard to the posting procedure. Instead, plaintiff claims that the notice provided does not satisfy the constitutional minimum since it does not require mailing. An administra-

tive agency, in this case the United States Customs Service, must meet the constitutional standard of apprising interested parties of actions affecting them and does so by providing notice of liquidation pursuant to the Customs regulations. The constitutional standard requires that notice be "reasonably calculated" to reach the parties. Since plaintiff knew the requirements of the law, it was plaintiff's duty to monitor the bulletin notices for references to its entries. The Customs regulations therefore satisfies the minimum constitutional requirement for notice.

### JUDGMENT

This case having been duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED, and DECREED: that plaintiff's motion for summary judgment is denied, that defendant's motion for summary judgment is granted, and that plaintiff's claim is hereby dismissed.