**GOLDHOFER FAHRZEUGWERK GmbH & CO.,**
Plaintiff–Appellant,

v.

**The UNITED STATES,**
Defendant–Appellee.

No. 89–1298.

United States Court of Appeals,
Federal Circuit.

Sept. 19, 1989.

Rehearing Denied Oct. 20, 1989.

Suggestion for Rehearing In Banc Declined Dec. 1, 1989.

James A. Geraghty, Donohue & Donohue, New York City, argued for plaintiff-appellant.

Mark S. Sochaczewsky, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellee. With him on the brief were Stuart E. Schiffer,

Acting Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before ARCHER and MICHEL, Circuit Judges, and COWEN, Senior Circuit Judge.

MICHEL, Circuit Judge.

In this customs duty case, the United States Court of International Trade granted summary judgment in favor of the United States, holding that, as a matter of law, Goldhofer Fahrzeugwerk GmbH & Co.'s (Goldhofer) protest of liquidation was not timely filed with the United States Customs Service (Customs) within the 90–day protest period set forth by 19 U.S.C. § 1514(c)(2) (1982). *Goldhofer Fahrzeugwerk GmbH & Co. v. United States,* 706 F.Supp. 892 (Ct.Int'l Trade 1989). In reaching that disposition, the Court of International Trade concluded that posting "bulletin notice" of liquidation alone both complies with the applicable customs laws and regulations and satisfies the minimum constitutional standards for due process. We affirm.

### Issues

Two principal issues are presented on appeal: First, whether the Court of International Trade erred by holding that posting bulletin notice of liquidation alone fully complies with the requirements of the applicable Customs statute and regulations; and, second, whether the Court of International Trade erred by concluding that Customs' failure to send "courtesy notice" by mail to Goldhofer did not abridge constitutional requirements for due process.

### Background

Goldhofer, a corporation organized under the laws of the Federal Republic of Germany, has its principal place of business in Memmingen, West Germany. Goldhofer was the importer of record of a certain multiaxle "gooseneck" semitrailer covered by Entry No. 101757 of February 16, 1980, at the port of Norfolk, Virginia.

A transcription error by Customs employees caused the name and address of Walsen Design and Manufacturing, an unrelated third party and stranger to the transaction, to be entered into Customs' data base in connection with the involved entry. Consequently, when the June 5, 1981, bulletin notice of liquidation was prepared for the port of Norfolk, Virginia, the importer of record for Entry No. 101757 was listed as Walsen Design and Manufacturing. Customs printed out the courtesy notice of liquidation and the bill for the duty increase. The bill and notice were mailed to the party indicated thereon, Walsen Design and Manufacturing. Goldhofer never received a courtesy notice or original bill.

In the Norfolk Customs Entry Control Section, the transcription error was discovered and a clerk manually annotated the bulletin notice to substitute the name of Goldhofer and its address in Memmingen, West Germany. On or about June 5, 1981, the bulletin notice of liquidation as annotated was posted at the Entry Control Section of the Norfolk Customhouse. No Customs official or employee took steps to correct the data base after the above described discrepancy was discovered and no Customs official or employee made any effort to furnish Goldhofer with courtesy notice.

Subsequently, Customs generated a "REBILL" dated September 4, 1981 (the 91st day after the June 5, 1981, liquidation) addressed to Goldhofer in Memmingen, West Germany. On December 1, 1981, Goldhofer filed a protest at the port of Norfolk, Virginia, covering the involved entry. That protest was received by Customs 179 days after the June 5, 1981, bulletin notice was posted, but on the 88th day after September 4, 1981, the date of the REBILL. Customs denied Goldhofer's protest as untimely because it was not filed within the 90–day protest period set forth by statute. 19 U.S.C. § 1514(c)(2) (1982).

Goldhofer, pursuant to 28 U.S.C. § 1581(a) (1982), brought action in the Court of International Trade contesting the denial of its protest. Before that court, Goldhofer argued that Customs' failure to

provide courtesy notice of liquidation both violated Customs' own regulations and failed to meet the minimum constitutional requirements for due process. On that basis, Goldhofer contended that the June 5, 1981, liquidation was incomplete and that Goldhofer's December 1, 1981, protest was timely because it was filed within 90 days after Goldhofer received Customs' September 4, 1981, REBILL. The United States responded and both parties filed cross motions for summary judgment.

On January 18, 1989, the Court of International Trade granted summary judgment to the United States, concluding that Goldhofer's protest of the June 5, 1981, liquidation was untimely. Goldhofer's motion for summary judgment was denied. For the reasons set forth below, we hold that the Court of International Trade committed no legal error in reaching this disposition.

### Analysis

#### A. Customs' statute and regulations were satisfied.

■ Goldhofer argues that Customs failed both to comply with its own regulations and to follow its long established administrative practice by not "endeavor[ing]" to provide courtesy notice. These failures, Goldhofer contends, rendered liquidation incomplete and tolled the time within which the importer was required to file a protest. We are not persuaded.

Section 1500 of Title 19 of the United States Code (1982) provides the following:

§ 1500. **Appraisement, classification, and liquidation procedure**

The appropriate customs officer shall, under rules and regulations prescribed by the Secretary—

\* \* \* \* \* \*

(e) give notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in such regulations.

Pursuant to this statute, the Secretary promulgated the following regulation:

§ 159.9 **Notice of liquidation and date of liquidation for formal entries.**

(a) *Bulletin notice of liquidation.* Notice of liquidation of formal entries shall be made on a bulletin notice of liquidation, Customs Form 4333 or 4335 \* \* \*.

(b) *Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry \* \* \*, or shall be lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidation of entries are to be found.

\* \* \* \* \* \*

(d) *Courtesy notice of liquidation.* Customs will endeavor to provide importers or their agents with Customs Form 4333-A, "Courtesy Notice", for entries specified in § 159.9(a)(1), scheduled to be liquidated or deemed liquidated by operation of law. This notice shall serve as an informal, courtesy notice and not as a direct, formal, and decisive notice of liquidation.

The plain language of the implementing regulations is clear that the only notice of liquidation required is bulletin notice "posted for the information of importers in a conspicuous place in the customhouse at the port of entry." 19 C.F.R. § 159.9(b) (1988). Courtesy notice is just that, a "courtesy," and Customs' providing, or failure to provide, such a notice cannot create any legally cognizable right in the importer. *See United States v. Reliable Chemical Co.*, 605 F.2d 1179, 1184 (CCPA 1979) ("Early notice of liquidation, forwarded as a 'courtesy' by the Government, is not and cannot be converted into the statutory notice at the election of an importer.").

#### B. The Due Process requirements of the Constitution were satisfied.

In addition, Goldhofer argues that Customs' failure to provide courtesy notice abridged the minimum due process requirements of the Constitution. Goldhofer con-

tends that, under those minimum requirements as articulated by the United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), Customs is required to provide Goldhofer mail notice of liquidation. We disagree.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657. "Notice by mail or other means *as certain* to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Mennonite Board of Missions,* 462 U.S. at 800, 103 S.Ct. at 2712 (emphasis supplied) (quoted in *Tulsa Professional Collection Services, Inc.,* 108 S.Ct. at 1344). Clearly, Customs' liquidation of, and assessment of duties on, Goldhofer's goods are elements of a proceeding that may adversely affect Goldhofer's property interest in its goods. Because, as importer of record, Goldhofer's name and address are registered with Customs, Customs is constitutionally required to provide Goldhofer with notice "as certain to ensure actual notice" that liquidation has occurred, as would mail notice. *Id.* at 800, 103 S.Ct. at 2712.

In weighing the sufficiency of a form of notice on the basis of equivalence of likelihood of actual notice, the Supreme Court has looked to a number of considerations. First, and foremost, is whether the form of notice relies on chance alone to reach the attention of the interested party. *Mullane,* 339 U.S. at 315, 70 S.Ct. at 657 (cited

by *Mennonite,* 462 U.S. at 795–96, 103 S.Ct. at 2709–10). In addition, the Court has considered whether the form of notice is designed to attract the attention of the interested party. *Mennonite,* 462 U.S. at 799, 103 S.Ct. at 2711. Third is whether the actual means of providing notice is reliable. *Greene,* 456 U.S. at 453, 102 S.Ct. at 1879. Finally, "the reasonableness of the notice provided must be tested with reference to the existence of 'feasible and customary' alternatives and supplements to the form of notice chosen." *Id.* at 454, 102 S.Ct. at 1880 (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. at 657).

◼ Here, bulletin notice does not rely on chance alone to bring notice of liquidation to the attention of the importer. By voluntarily entering its goods into the Customs Territory of the United States, Goldhofer was statutorily notified that, as a matter of law, its goods would be liquidated. 19 U.S.C. § 1500(d) (1982) ("The appropriate customs officer shall * * * liquidate the entry of such merchandise * * *."). Customs regulations, promulgated pursuant to statute, provide that notice of liquidation shall be posted at the customhouse at the port of entry of the goods. Therefore, Goldhofer, by choosing to enter its goods at a particular port of entry, knew that liquidation would occur there and selected that precise location to receive the notice of that liquidation. Although we recognize that the interested party's knowledge of an impending government proceeding does not relieve the government of its obligation to provide that party with adequate notice, *see Mennonite,* 462 U.S. at 800, 103 S.Ct. at 2712, the existence, or lack thereof, of that knowledge may be considered in weighing the constitutional sufficiency of a form of notice on the basis of equivalent likelihood of actual notice.

In addition, bulletin notice is designed to attract the attention of the interested party. 19 C.F.R. § 159.9(b) (1988) ("The bulletin notice of liquidation shall be posted for the information of importers * * *."). Among other things, bulletin notice lists

the name of the importer of record, the date of entry, the liquidation date, the region/district/port number, the action, and the type of entry and number. In contrast, the form of notice used in *Tulsa, Mennonite,* and *Mullane* did not specifically name the party seeking notice. In those cases, the notice either generally referred to a class or group in which the party seeking notice fell, *see Tulsa,* 108 S.Ct. at 1342 (notice generally to the creditors of the deceased); *Mullane,* 339 U.S. at 309–10, 70 S.Ct. at 654–55 (notice addressed generally without naming them to all parties interested in a common trust fund), or was designed primarily to reach an entirely different class or group. *See Mennonite,* 462 U.S. at 799, 103 S.Ct. at 2711 (notice primarily designed to attract prospective purchasers to a tax sale and could not be expected to lead to actual notice to the mortgagee). In addition, in those cases, notice generally was only periodically made available to the interested parties by infrequent publication in some unspecified local newspaper. *See Tulsa,* 108 S.Ct. at 1342 (executor or executrix must publish notice in some newspaper in the county once each week for two consecutive weeks); *Mennonite,* 462 U.S. at 793, 103 S.Ct. at 2708 (county auditor must post notice in the county courthouse and publish notice in a local newspaper once each week for three consecutive weeks); *Mullane,* 339 U.S. at 309–10, 70 S.Ct. at 654–55 (petitioner shall publish notice not less than once in each week for four successive weeks in a newspaper to be designated by the court). Here, however, as discussed above, Customs continuously provided bulletin notice at the specific location, i.e., the customhouse at the port of entry of the goods, selected by Goldhofer when it entered its goods into the United States Customs Territory.

Moreover, bulletin notice posted in the customhouse has not been shown to be an unreliable means of providing notice. In *Greene,* the Supreme Court considered the constitutionality of a form of notice in forcible entry or detainer proceedings consist-

ing of posting a copy of the summons, stating the name of the interested party and the time and place of the meeting of the court, on the door of the apartment leased by the party seeking notice. *Greene,* 456 U.S. at 446, 102 S.Ct. at 1876. In that case, the form of notice both did not rely on chance alone to bring the notice to the attention of the interested party and was designed to attract the attention of that party. Nonetheless, the Court concluded that the method of notice failed to meet the constitutional minimums of due process because, in the circumstances of that case, the posted notices were "not infrequently" removed before they could have their intended effect. *Id.* at 453, 102 S.Ct. at 1879. Here, however, there is no evidence in the record, and it has not been proffered, that bulletin notices posted in the customhouse have been removed by anyone before they could have their intended effect of notifying the importer of record, and any other interested parties, that liquidation has occurred.

Finally, in determining whether reasonably feasible and customary alternatives and supplements to bulletin notice exist, we must look to the purpose and effect of the type of notice given. Here, bulletin notice of liquidation has both a legal effect and a warning effect. As to the former, mail notice is not a viable alternative or supplement because it is well established that, as a matter of law, the information contained on the bulletin notice controls issues relating to liquidation. *See, e.g.,* 19 C.F.R. § 159.9(c)(2)(iii) (1988) (providing that a protest relating to a liquidation "shall be filed within 90 days from the date the bulletin notice of liquidation * * * is posted or lodged in the customhouse"); *Reliable Chemical Co.,* 605 F.2d at 1183 (recognizing that, as a matter of law, "the date of liquidation shall be the date the bulletin notice is posted in the customhouse"). As to the latter, we cannot disagree that mail notice can always supplement any type or form of notice. However, the Supreme Court has not held that mail notice must be an integral step in *every* notice scheme and

neither shall we. In the circumstances of this case, posting of bulletin notice of liquidation in the customhouse at the port of entry alone was as certain to ensure actual notice of liquidation to the importer of record or its local Customs broker as mail notice and, therefore, mail notice was not constitutionally required.

*Conclusion*

In view of the foregoing, the decision of the Court of International Trade is AFFIRMED.