**PENROD DRILLING COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court Nos. 87–02–00170, 87–04–00608, 87–10–01022 and 87–11–01073.**

United States Court of International Trade.

Dec. 13, 1989.

Haight, Gardner, Poor & Havens, John W. McConnell, Jr., New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, International Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Barbara M. Epstein, Washington, D.C., for defendant.

## OPINION

**TSOUCALAS, Judge:**

Plaintiff brings these actions to recover duties assessed by the United States Customs Service ("Customs") under section 466(a) of the Tariff Act of 1930, 19 U.S.C. § 1466(a) (1988), on entries of repairs (including the cost of equipment, parts and materials) completed on four of plaintiff's vessels abroad.[1] Defendant moves to dismiss the actions for lack of jurisdiction because plaintiff allegedly failed to pay all liquidated duties, charges or exactions prior to commencement of the actions as required by 28 U.S.C. § 2637(a) (1982). Defendant also maintains that two of the actions are jurisdictionally defective because the protests were untimely filed. Plaintiff claims jurisdiction is proper under 28 U.S.C. §§ 1581(a) and (i) (1982), and 28 U.S.C. §§ 2631(a) and (i) (1982). Oral argument was heard on February 2, 1989.

### Background

In the four actions presently before the Court, Customs found the vessel repairs dutiable under § 1466(a) as they were "made in a foreign country upon a vessel documented under the laws of the United States...." 19 U.S.C. § 1466(a).[2] Plaintiff challenged the dutiability of the vessel repairs under § 1466(a) and sought remission (or refund) of those duties pursuant to § 1466(d).[3] The administrative procedure for challenging the duties is out-

---

1. Each vessel's repairs consist of a separate entry and a separate court action, with its corresponding entry and court numbers. This opinion will deal with all four actions concurrently because of the similarity of the issues involved.

| VESSEL | ENTRY NO. | COURT NO. |
|---|---|---|
| Penrod 97 | 84–100159–8 | 87–02–00170 |
| Penrod 78 | 84–500396–1 | 87–04–00608 |
| Penrod 74 | 84–100176–3 | 87–10–01022 |
| Penrod 94 | 84–100169–5 | 87–11–01073 |

2. 19 U.S.C. § 1466(a) reads, in pertinent part, as follows:

(a) The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country.

3. Section 1466(d) provides authority to the Secretary of Treasury ("Secretary") to remit or refund duties which qualify under the following three conditions:

(d) If the owner or master of such vessel furnishes good and sufficient evidence that—

(1) such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination;

lined in Customs regulation 19 C.F.R. § 4.14 (1988).

Plaintiff applied for relief under subsection (d) of 19 C.F.R. § 4.14, challenging the dutiability of the repairs under § 1466(a) and seeking remission under § 1466(d), but its application for relief was denied, as was its petition for review on the denial of its application for relief.[4] The entries were liquidated, and plaintiff protested the liquidations pursuant to 19 C.F.R. § 4.14(f) and Part 174 of the Customs Regulations.

The first two protests were dismissed as untimely filed, and the remaining two protests were deemed denied after plaintiff requested accelerated disposition.

Plaintiff now seeks review in this Court, under 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514, of Customs' denial of its protests and the finding that the vessel repairs were dutiable pursuant to § 1466(a). Alternatively, under 28 U.S.C. § 1581(i), plaintiff challenges the Secretary's decision not to grant remission or refund of duties. The alternative basis for jurisdiction is proper, plaintiff asserts, because claims challenging the denial of a remission or refund under § 1466(d) are subject to a different appeal route than the customary protest procedure, which here applies only to the treatment of the items or repairs dutiable under § 1466(a). *See* 19 C.F.R. § 4.14(f).

### Discussion

I. *Nonpayment of liquidated duties and exactions*

■ In an action contesting the denial of a protest, the payment of all liquidated duties, charges or exactions at the time the action is commenced is a condition precedent to invoking the jurisdiction of this Court. 28 U.S.C. § 2637(a); *see also American Air Parcel Forwarding Co. v. United States,* 6 CIT 146, 150, 573 F.Supp. 117, 120 (1983). An action is "commenced" for purposes of § 2637(a) when the summons is filed. *See* 28 U.S.C. § 2632(b); USCIT Rule 3; *Nature's Farm Products, Inc. v. United States,* 10 CIT 676, 677, 648 F.Supp. 6, 7 (1986), *aff'd,* 819 F.2d 1127 (1987). Plaintiff filed four summonses in the respective actions without having paid all the duties and/or interest due. Therefore, all four cases must be dismissed as they have not satisfied the requirements of § 2637(a). These requirements are strictly applied and the statute precludes any exercise of discretion by the court. *United States v. Boe,* 64 CCPA 11, 16, C.A.D. 1177, 543 F.2d 151, 155 (1976); *Syva Co. v. United States,* 12 CIT ——, ——, 681 F.Supp. 885, 887 (1988); *Glamorise Foundations v. United States,* 11 CIT ——, ——, 661 F.Supp. 630, 632–33 (1987).[5]

■ Plaintiff argues that the jurisdictional requirements of § 2637(a) are inapplicable in these actions because the vessel repairs were entered prior to the effective date of 19 U.S.C. § 1505(c) (1988). Plaintiff's Memorandum at 16. In 1984, § 1505 was amended to add § 1505(c), which established interest on delinquent duties commencing on the 15th day after liquidation. Since the present merchandise was entered

---

(2) such equipments or parts thereof or repair parts or materials, were manufactured or produced in the United States, and the labor necessary to install such equipments or to make such repairs was performed by residents of the United States, or by members of the regular crew of such vessel; or

(3) such equipments, or parts thereof, or materials, or labor, were used as dunnage for cargo, or for the packing or shoring thereof, or in the erection of temporary bulkheads or other similar devices for the control of bulk cargo, or in the preparation (without permanent repair or alteration) of tanks for the carriage of liquid cargo; ....

**4.** 19 C.F.R. § 4.14(d)(2)(i) provides, in pertinent part, as follows:

(2) *Petition for review on a denial of an application for relief—(i)* *Form.* If an applicant is dissatisfied with the decision on its application for relief, the applicant may file a petition for review of that decision. The petition for review need not be in any particular form. The petition for review must identify the decision on the application for relief and must detail the exceptions taken to that decision....

**5.** Plaintiff's related contention that payment prior to filing the complaint satisfies jurisdictional prerequisites because the suit "is not really activated ... until a complaint is filed" is without merit. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 17 ("Plaintiff's Memorandum").

prior to the effective date of § 1505(c), plaintiff concludes that the interest assessed pursuant to the statute should not be included for jurisdictional purposes. Thus, except for Court No. 87–11–01073, all the duties would have been paid when the respective summonses had been filed. *See* Plaintiff's Memorandum at 16–17. The court in *Syva*, however, expressly held that § 1505(c) is applicable to merchandise entered before the effective date of the statute. 12 CIT at ——, 681 F.Supp. at 889–90.

> [Section 1505(c)] was intended to apply where duties were already assessed since they "would be due thirty days following enactment." Therefore, *there is no basis to conclude that only goods entered after the effective date of the statute would be subject to those time limits.*

*Id.* at ——, 681 F.Supp. at 890 (emphasis added). The liquidation is the operative event for purposes of § 1505(c). As the instant entries were liquidated after the statute's effective date, they are subject to interest payments, the nonpayment of which affects the jurisdictional requirements.

Plaintiff's attempt to distinguish *Syva* fails. The Court finds no merit in distinguishing *Syva* on the ground that the *Syva* plaintiff paid no interest whatsoever, whereas the interest remaining in the instant actions amounted to only nominal amounts. As the Court has already stated, § 2637(a) is to be applied strictly, no exception may be read into law for nominal amounts left unpaid at the time the summons is filed.[6]

The Court holds that since all duties, charges or exactions were not paid prior to the filing of the summonses, these actions are dismissed for lack of jurisdiction.

## II. *Filing of a timely protest*

In addition to the four actions lacking jurisdiction because of the nonpayment of duties, Court Nos. 87–02–00170 and 87–04–00608 are also jurisdictionally defective because the protests were untimely filed.

### A. *Court No. 87–02–00170*

Plaintiff filed the protest in this action on December 23, 1986, ninety-eight days after bulletin notice of liquidation was posted in the Customhouse (August 15, 1986). Plaintiff does not dispute that the filing of a protest within ninety days of liquidation and the subsequent denial thereof is a jurisdictional prerequisite for the Court to exercise subject matter jurisdiction over the involved action. *See* 19 U.S.C. § 1514(c)(2)(A) and 28 U.S.C. § 1581(a); *Frederick Wholesale Corp. v. United States*, 6 CIT 306, 309, 585 F.Supp. 640, 642 (1983), *aff'd*, 754 F.2d 349 (1985); *United States v. A.N. Deringer, Inc.*, 66 CCPA 50, C.A.D. 1220, 593 F.2d 1015 (1979)).

However, plaintiff contends that there was no proof that the bulletin notice was ever posted in compliance with Customs regulation 19 C.F.R. § 159.9 (1988),[7] and further states that it first received notice in a Customs Service Bill on or before September 26, 1986.[8] *See* Plaintiff's Memorandum at 8. Plaintiff, thus, asks the Court to treat the date of receipt of the Bill as the proper date of notice of liquidation. The December 23, 1986 protest, then, would

---

**6.** According to plaintiff, the following amounts were left unpaid when the summonses were filed:

| COURT NO. | AMOUNT OVERDUE |
|---|---|
| 87–02–00170 | $ 143.85 |
| 87–04–00608 | $ 964.82 |
| 87–10–01022 | $ 193.08 |
| 87–11–01073 | $12,539.96 |

Plaintiff's Memorandum at 15.

**7.** 19 C.F.R. § 159.9(c) reads as follows:

(c) *Date of liquidation*—(1) *Generally.* The bulletin notice of liquidation shall be dated with the date it is posted or lodged in the customhouse for the information of importers. The entries for which the bulletin notice of liquidation has been prepared shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. This stamping shall be deemed the legal evidence of liquidation.

**8.** Plaintiff also makes these arguments with respect to Entry No. 84–500396–1 and the corresponding court action, Court No. 87–04–00608. The discussion of these issues will be handled jointly here since the resolution is equally applicable in both instances.

have been filed within the statutory ninety-day period.

 Plaintiff's position is untenable. It is well settled that proper notice of liquidation refers to the bulletin notice of liquidation. *Goldhofer Fahrzeugwerk GmbH v. United States*, 13 CIT ——, 706 F.Supp. 892, *aff'd*, 885 F.2d 858 (Fed.Cir.1989); *St. Regis Paper Co. v. United States*, 13 CIT ——, Slip Op. 89–166 (Dec. 11, 1989); *Timken Co. v. United States*, 6 CIT 75, 569 F.Supp. 65 (1983). Bulletin notice is the statutorily mandated notice: "the date of liquidation shall be the date the bulletin notice is posted in the customhouse." *United States v. Reliable Chemical Co.*, 66 CCPA 123, 127, C.A.D. 1232, 605 F.2d 1179, 1183 (1979); *Goldhofer*, 13 CIT at ——, 706 F.Supp. at 895. The importer bears the burden for examining all notices posted to determine whether its goods have been liquidated, and to protest timely. *Omni U.S.A., Inc. v. United States*, 11 CIT ——, ——, 663 F.Supp. 1130, 1133 (1987), *aff'd*, 840 F.2d 912 (Fed.Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 56, 102 L.Ed.2d 34; *Goldhofer*, 13 CIT at ——, 706 F.Supp. at 895.

 Moreover, there is a presumption of regularity which attaches to government acts. *United States v. Frank & Lambert*, 2 Ct.Cust.Appls. 239, 242, T.D. 31973 (1911). "It is presumed that public officials perform their duties in a manner consistent with law...." *Commonwealth Oil Refining Co. v. United States*, 60 CCPA 162, 167, C.A.D. 1105, 480 F.2d 1352, 1357 (1973); *see also INS v. Miranda*, 459 U.S. 14, 18, 103 S.Ct. 281, 283, 74 L.Ed.2d 12 (1982); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Plaintiff has put forth no evidence which would in any way rebut this presumption.

### B. *Court no. 87–04–00608*

 In this action, plaintiff allegedly delivered to Federal Express mail courier service on February 25, 1987 (expecting overnight delivery), documents purported to be a protest[9] under 19 U.S.C. § 1514. The ninety-day time period within which to file a valid protest expired on February 26, 1987. Customs received the protest papers from the carrier on February 27, 1987, one day after the protest period had expired, and dismissed the protest as untimely filed. Plaintiff now contends that it was Federal Express' failure which prevented the protest from being filed on time. And, since Federal Express' customary practice is to notify the sender in the event of untimely delivery, and since it allegedly failed to do so in this instance, plaintiff argues that the protest should be considered timely.

Plaintiff's obligation under the statute does not end upon delivery of the requisite documents to a mail carrier service within sufficient time to reach Customs. Even though Federal Express may have been negligent in not delivering the documents on time, such negligence does not operate to shift the statutory responsibility for filing a protest from plaintiff to Federal Express. Customs received the documents on February 27, 1989, the 91st day after notice of liquidation. The statute plainly requires filing within ninety days. Therefore, the action is untimely, and plaintiff's responsibility under the statute is not vitiated.

### III. *Remission or Refund*

 Customs Regulation 19 C.F.R. § 4.14 provides the avenue through which a party may seek remission or refund of duties for vessel repairs. *See Farrell Lines, Inc. v. United States*, 69 CCPA 1, 4–5, C.A.D. 1268, 657 F.2d 1214, 1217 (1981). Under the regulation, a party may file an application for relief within sixty days of arrival of the vessel, for either remission of duties or for the treatment of an item or a repair expense as dutiable under § 1466(a). 19 C.F.R. § 4.14(d). If its application for relief is denied, the party may file a petition for review under 19 C.F.R. § 4.14(d)(2)(i). Liquidation is suspended during both of these proceedings. If the petition is denied, a supplemental

---

**9.** There is a dispute whether sufficient documentation existed to constitute a valid protest but there is no need to resolve this issue as the submission was untimely filed.

petition may be filed, but liquidation is no longer suspended. 19 C.F.R. § 4.14(d)(2)(iii).

Following liquidation, a protest may be filed "against the decision to treat an item or a repair *as dutiable under [§ 1466(a) ]*." 19 C.F.R. § 4.14(f) (emphasis added). There is no equivalent directive regarding appeals from the Secretary's denial of remission or refund of duties. Defendant contends that the § 1466(d) remission decision is subsumed in the liquidation, and is protestable by protesting the liquidation. Plaintiff, on the other hand, argues that these appeals are not subject to the ordinary protest procedure since the statute and regulation fail to refer to them specifically or in conjunction with § 1466(a) classification appeals. If plaintiff is correct, jurisdiction may be found in this Court under § 1581(i), as meeting the exhaustion requirements under §§ 1514 and 1581(a), as well as the requirements of § 2637(a) would not be necessary. Plaintiff's failure to protest timely and to pay all outstanding duties upon commencement of the actions, therefore, would have no effect on § 1581(i) jurisdiction.[10] *See American Ass'n of Exporters v. United States,* 7 CIT 79, 84, 583 F.Supp. 591, 596, *aff'd,* 751 F.2d 1239 (1985). Although the Court finds considerable merit in plaintiff's argument, jurisdiction under § 1581(i) is improper.

Customs, itself, recognized the ambiguity inherent within the statute when it proposed to amend § 4.14(f) because "the normal protest procedures set forth in Part 174 Customs Regulations ... are not applicable to relief sought under section [1466(d) ]." 49 Fed.Reg. 25,884, 25,885 (Dep't Treas.1984) (withdrawal of proposed rule). A two year time limit after the date of liquidation of the vessel repair entry was proposed for filing § 1466(d) applications

for relief. Customs withdrew the rule, finding the amendment "unnecessary," but not before emphasizing that "if the expenditure is alleged to warrant relief pursuant to § [1466(d) ] ... there [was] *no specific time limit after liquidation* of the entry within which a request for additional consideration of a claim must be filed." 48 Fed.Reg. 22,746 (Dep't Treas.1983) (proposed rule) (emphasis added). Moreover, in denying plaintiff's petitions here, Customs stated that "a protest may not deal with questions of remission of duty on items that are covered by the statute and are clearly subject to dutiable classification."

However, examination of case law and the statute reveals that the Secretary's decision is protestable. Protestable decisions are defined in 19 U.S.C. § 1514. Under that section,

> decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—
>
> . . . .
>
> (2) the classification and rate and amount of duties chargeable;
>
> . . . .
>
> shall be final and conclusive upon all persons ... unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade....

19 U.S.C. § 1514(a). The remission decision falls within the language of § 1514 since it is an official decision which affects the "amounts of duties chargeable" to plaintiff. Correspondingly, in *Farrell,* 69 CCPA at 5, 657 F.2d at 1217, our appellate court expressly stated that 19 U.S.C. § 1514(c)(2) [11] regarding protestable deci-

---

**10.** It is well settled that the denial of a protest is a prerequisite to jurisdiction in this court and § 1581(i) "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available...." *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir.1987), *cert. denied,* 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859; *American Air Parcel Forwarding Co. v. United States,* 718 F.2d 1546, 1549 (1983), *cert. denied,* 466 U.S. 937, 104 S.Ct. 1909, 80

L.Ed.2d 458 (1984). The jurisdiction granted under § 1581(i) is in addition to the jurisdiction conferred by subsections (a)-(h), and may not be used to bypass administrative review by meaningful protest. *United States v. Uniroyal, Inc.,* 69 CCPA 179, 184, 687 F.2d 467, 472 (1982).

**11.** 19 U.S.C. § 1514(c)(2) reads as follows:
 (2) A protest of a decision, order, or finding described in subsection (a) of this section

sions applied to the challenge of a petition for remission of duties. *See also Chas. Kurz & Co. v. United States*, 12 CIT ——, ——, 698 F.Supp. 268, 271 (1988).

Plaintiff misinterprets the law. At one time, there was a question concerning the propriety of the court's authority to review a remission decision. The *Farrell* decision finally quelled the controversy noting that in light of section 10 of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (1988) the court is authorized to determine whether the agency's decision was arbitrary, capricious, or otherwise not in accordance with law. But this review power is not a separate grant of jurisdiction to the Court of International Trade which obviates the need for meaningful protest. *See Nat'l Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1555–56 (Fed.Cir.1988). "[T]he filing and denial of a protest will continue as prerequisites to the commencement of a civil action." *Id.* at 1556 (citations omitted).

The Court is cognizant that plaintiff may have been prejudiced by Customs' statement of refusal to entertain questions of remission at the protest level. However, strict adherence to the statute is mandatory. "Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 *is or could have been available....*" *Id.* at 1557 (quoting *Miller*, 824 F.2d at 963). Plaintiff's remedy in the instant action was through the protest procedure and if Customs refused to hear the remission claims during protest, proper review in this Court was then possible upon a timely challenge as prescribed by statute. The Court is, therefore, constrained to deny plaintiff jurisdiction under § 1581(i) in all four actions.

## JUDGMENT

These cases having been duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is

ORDERED, ADJUDGED and DECREED that defendant's motion to dismiss for lack of jurisdiction is granted; and these actions are hereby dismissed.

---

shall be filed with such customs officer within ninety days after but not before—

 (A) notice of liquidation or reliquidation, or

 (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.