BOUSA, INC., FORMERLY KNOWN AS BULK OIL (USA), INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 90–12–00657

(Decided March 10, 1993)

*Herbert Peter Larsen, (Herbert Peter Larsen)* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, United States Department of Justice *(Carla Garcia-Benitez)* for defendant.

## OPINION

MUSGRAVE, *Judge:* This unusual case is before the Court on plaintiff's motion to suspend the case and the government's cross motion to dismiss for lack of jurisdiction. The Court finds that it is without jurisdiction and the case is dismissed.

Plaintiff invokes the jurisdiction of the Court under 28 U.S.C. § 1581(a), to contest the Customs Service action denying plaintiff's protest of the liquidation of three entries. Two entries were liquidated on September 19, 1986 and the third was liquidated on September 26, 1986. Plaintiff timely filed protest on November 13, 1986.

On December 29, 1989, plaintiff filed for bankruptcy protection under Chapter 11. On June 15, 1990, the Customs Service denied plaintiff's protest. Plaintiff timely filed for review in this court, but plaintiff's bankruptcy prevented it from paying the increased liquidated duties prior to commencing this action. *Memorandum In Opposition To Defendant's Motion To Dismiss,* at 1,2.

This Court has exclusive jurisdiction over any civil action commenced to contest the denial of a protest under Section 515 of the Tariff Act of 1930. 28 U.S.C. § 1581(a). However, such an action may be commenced only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced. 28 U.S.C. § 2637(a). This requirement is strictly applied, and the statute precludes any exercise of discretion by the court. *Penrod Drilling Co. v. United States,* 13 CIT 1005, 1007, 727 F. Supp. 1463, 1465 (1989). The statute does not contain an exception for plaintiffs in bankruptcy. Accordingly plaintiff's action must be dismissed.

Plaintiff argues that the Customs Service denial of the protest violated 11 U.S.C. § 362, which provides for an automatic stay of "the commencement or continuation * * * of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." A similar conclusion was drawn in *In re Apex Oil Company,* 131 Bankr. 712, 1991 U.S. Dist. Lexis 12,701 (E.D. Mo.

1991). The *Apex* court concluded that post-petition actions taken by Customs, including denial of a protest involving repayment of excess drawback, violated the automatic stay and were thus null and void.

While it is possible that a claim asserting that the action of the Customs Service was void *ab initio* under § 362 is not asserted to "contest the denial of a protest," and may thus find a basis for jurisdiction other than § 1581(a) in this Court or in the bankruptcy court, any ruling on the merits of the protest must be made by this Court under § 1581(a). Plaintiff asserts no other basis for the present action, and the Court declines to search for one *sua sponte*.

Accordingly, this action is dismissed for lack of jurisdiction.