BOUSA, INC., FORMERLY KNOWN AS BULK OIL (USA), INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 90–12–00658 and 90–12–00658–S

(Decided March 15, 1993)

*Herbert Peter Larsen,* (Herbert Peter Larsen) for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, United States Department of Justice *(Carla Garcia-Benitez)* for defendant.

## OPINION

MUSGRAVE, *Judge*: This case is before the Court on plaintiff's motion to suspend the case and the government's cross-motion to sever and dismiss in part for lack of jurisdiction. The Court finds that it is without jurisdiction over seven entries. Those entries are therefore severed and designated as Court No. 90–12–00658 S. Court No. 90–12–00658 S is dismissed. Plaintiff's motion for suspension of the remaining entries is denied.

Plaintiff invokes the jurisdiction of the Court under 28 U.S.C. § 1581(a), to contest the Customs Service action denying thirteen protests of the liquidation of nineteen entries. The protests were timely filed.

On December 29, 1989, plaintiff filed for bankruptcy protection under Chapter 11. On June 15, 1990, the Customs Service denied all thirteen protests. Plaintiff timely filed for review in this Court, but plaintiff's bankruptcy prevented it from paying the increased liquidated duties for seven of the entries prior to commencing this action. *Memorandum In*

*Opposition To Defendant's Motion To Dismiss*, at 1, 2. The seven entries for which duties have not been paid are:

| Protest No. | Entry No. |
|---|---|
| 1001–6–019207 | 85–402331–4 |
| 1001–6–017992 | 85–402332–7 |
| 1001–7–001137 | 86–240394–2 |
| 1001–7–001457 | 86–240442–0 |
| 1001–7–001457 | 86–240476–3 |
| 1001–7–009937 | 86–312404–2 |
| 1001–6–012395 | 86–101172–0 |

This Court has exclusive jurisdiction over any civil action commenced to contest the denial of a protest under section 515 of the Tariff Act of 1930. 28 U.S.C. § 1581(a). However, such an action may be commenced only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced. 28 U.S.C. § 2637(a). This requirement is strictly applied, and the statute precludes any exercise of discretion by the Court. *Penrod Drilling Co. v. United States*, 13 CIT 1005,1007, 727 F. Supp. 1463, 1465 (1989). The statute does not contain an exception for plaintiffs in bankruptcy. Accordingly, the Court has no jurisdiction over the entries listed, and those entries must be dismissed from plaintiff's action.

Plaintiff argues that the Customs Service denial of the protests violated 11 U.S.C. § 362, which provides for an automatic stay of "the commencement or continuation * * * of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." A similar conclusion was drawn in *In re Apex Oil Company*, 131 Bankr. 712, 1991 U.S. Dist. Lexis 12,701 (E.D. Mo. 1991). The *Apex* court concluded that post-petition actions taken by Customs, including denial of a protest involving repayment of excess drawback, violated the automatic stay and were thus null and void.

Any ruling on the merits of the protest must be made by this Court under § 1581(a). Nevertheless, a claim asserting that post petition actions of the Customs Service were void *ab initio* under § 362 does not address the merits of the protest and, perhaps, is not asserted to "contest the denial of a protest" under § 1581(a). Jurisdiction of that issue may therefore lie in this Court or in the bankruptcy court under a provision other than § 1581(a). Plaintiff asserts no such other basis for the present action, and the Court declines to search for one *sua sponte*.

Accordingly, the listed entries are severed from the present action, and are designated as Court No. 90–12–00658–S. Court No. 90–12–00658–S is dismissed. The Court further denies plaintiff's motion to suspend the remaining cases under *Enron Oil Trading & Transportation Company v. United States*, Court No. 87–09–00935, because the *Enron* case has been decided.