**SRR, A Subsidiary of the Stride Rite Corporation, Plaintiff,**

v.

**Alfonso ROBLES, District Director of Customs, San Juan, Puerto Rico; Commissioner of the United States Customs Service; and the United States of America, Defendants.**

No. 93–01–00059.

Slip Op. No. 94–85.

United States Court of International Trade.

May 25, 1994.

Sandler, Travis & Rosenberg, P.A. (Ronald W. Gerdes and Teresa M. Polino), Washington, DC, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Mark S. Sochaczewsky and Carla Garcia–

Benitez), Karen P. Binder, Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, Washington, DC, of counsel, for defendants.

## OPINION

RESTANI, Judge:

This matter is before the court on cross-motions for summary judgment and plaintiff's motion for writ of mandamus. Plaintiff alleges that seven entries of its merchandise made in 1989 have not been liquidated because the bulletin notice of liquidation was defective in that an entry number with a filer code was used, instead of the importer's name. It asserts that because liquidation did not occur in a timely fashion, liquidation by operation of law has occurred and no additional duties are owed. *See* 19 U.S.C. § 1504 (1988). It also seeks a writ of mandamus compelling the United States Customs Service to post a notice of liquidation by operation of law. Defendants assert that liquidation occurred, and it either was properly noticed or plaintiff's time to protest under 19 U.S.C. § 1514 (1988) is tolled, but in either case no liquidation by operation of law occurred.

■ The court begins with a discussion of the overall statutory scheme, as defendants apparently do not accept the court's view on some very basic matters. 19 U.S.C. § 1500(d) provides for liquidation, and § 1500(e) provides for notice of liquidation. To read the two provisions so separately, as do defendants, that liquidation may be said to occur even if a Customs official simply places an entry stamped "liquidated" in a locked filing cabinet, is untenable. As defendants state, defective notice of liquidation does toll the period for protesting a decision incorporated into the liquidation, but if no notice of liquidation is provided within the time periods allowed by 19 U.S.C. § 1504, liquidation by operation of law as provided in the entry papers occurs. 19 U.S.C. § 1504(a).

It was the clearly stated purpose of 19 U.S.C. § 1504 to give importers some certainty as to duties owed. S.Rep. No. 778, 95th Cong., 2d Sess. 32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2211, 2243. Reading 19 U.S.C. § 1504 to allow for "secret" liquidation eviscerates its purpose. 19 U.S.C. § 1500 and § 1504 must be read together. To be effective, liquidation must be noticed in a way that advises parties who are bound by the liquidation that it has occurred. The court clearly set forth its view on this matter in *Washington Int'l Ins. Co. v. United States,* 13 CIT 112, 116, 707 F.Supp. 561, 565 (1989), and contrary to defendants' assertion, no decision of the Federal Circuit has indicated this view is incorrect. In fact, its recent cases, *e.g., Goldhofer Fahrzeugwerk GmbH v. United States,* 885 F.2d 858, 860 (Fed.Cir. 1989), indicating that bulletin notice is the key and courtesy notices are merely *predictive* and do not provide actual notice of liquidation, seems fully in agreement with this view.[1] *See also United States v. Astra Bentwood Furniture Co.,* 28 CCPA 205, 213 (1940) (without bulletin notice, "there has been no final legal liquidation of the involved entry"). The statutory scheme is clear:

■ 1. Decisions incorporated into a liquidation must be protested or they become conclusive. 19 U.S.C. § 1514(a); *United States v. Toshoku America, Inc.,* 879 F.2d 815, 818 (Fed.Cir.1989); *United States v. Utex Int'l Inc.,* 857 F.2d 1408, 1413–14 (Fed. Cir.1988); *United States v. Ataka America, Inc.,* 826 F.Supp. 495, 502 (Ct.Int'l Trade 1993).

■ 2. Protests must be filed within 90 days of the bulletin notice of liquidation. (Sureties may protest after separate notice is sent to them.). 19 U.S.C. § 1514(c)(2).

■ 3. Bulletin notice is the only effective notice of liquidation; courtesy notices are predictive only. *Goldhofer,* 885 F.2d at 860.

4. Without a bulletin notice there is no effective liquidation. *Astra,* 28 CCPA at 213;

---

1. *Tropicana Prods., Inc. v. United States,* 909 F.2d 504 (Fed.Cir.1990), cited by defendants at oral argument, does not hold to the contrary. It deals only with the time for protesting with respect to the time of a bulletin notice. *Id.* at 505–06.

*Washington Int'l,* 13 CIT at 116, 707 F.Supp. at 565.

█ Thus, the basic statutory scheme provides that in order to achieve effective liquidation, notice must be given and it must be given in the manner specified by the Secretary of the Treasury. 19 U.S.C. § 1500(e). The Secretary has specified that such notice shall be bulletin notice, in accordance with Customs Form 4333. *See* 19 C.F.R. § 159.9 (1993).[2] The issue in this case is whether, during the time period in question, Customs Form 4333 required the name of the importer of record to be specified in words or whether a filer's code number together with the entry number satisfied the basic form 4333 requirements.

There is no doubt that the filer code is a unique number that identifies the person or entity making entry, usually the broker representing the importer of record. (In this case entry was made by a broker.). Thus, there is no question that the filer code is effective notice to the broker that entries he has made have been liquidated. While the broker may then be required to match the entry number to a particular importer of record, there was no evidence submitted indicating this is an onerous, or even a difficult, task. The broker is the agent of the importer of record, *see United States v. Federal Ins. Co.,* 805 F.2d 1012, 1013 (Fed.Cir.1986), and notice to the broker will suffice. Obvi-

ously, an importer of record can obtain his entry numbers from his broker, if he wishes to check the bulletin notices himself. An importer making his own entries will have his own filer code. Thus, the notice at issue here may or may not be convenient notice, but it is legally sufficient notice, if it also satisfies the essential requirements of Form 4333.

Although the filer code was in use from approximately 1984, it is undisputed that prior to July 1, 1988, Form 4333 required the use of the name of the importer of record in words.[3] By Treasury Decision 88–38, which was published at 53 Fed.Reg. 25,041 (1988), effective as of July 1, 1988, the date of publication, Form 4333 no longer required use of the importer's name in words; the filer code together with the entry number was considered safe and effective notice as of that date.[4] Neither the proposed form change, 53 Fed. Reg. 2906, 2908 (1988), nor the final notice leaves any doubt that Customs intended to implement this change, despite plaintiff's quibbling with the words of the notices.

The only question remaining is whether Customs had authority to change the form requirements. By Treasury Decision 53654, 89 Treas. Dec. 334 (1954), the Secretary of the Treasury delegated to the Customs Service decisionmaking authority in areas within its purview.[5] In paragraph 1(a) of the order,

2. The version of 19 C.F.R. § 159.9 in effect in 1989 does not differ in any relevant way from the current version. 19 U.S.C. § 1500 was amended to allow for formal electronic notice of liquidation in the manner provided by the Secretary. North American Free Trade Agreement Implementation Act, Pub.L. No. 103–182, § 638, 107 Stat. 2057, 2203 (1993). The regulations now provide for electronic notification as a type of courtesy notice only. 19 C.F.R. § 159.9(c)(1) (1993).

3. The form states "importer or claimant." *See, e.g.,* Appendix to Pl.'s Motion for Summary Judgment and a Writ of Mandamus, at 30. "Claimant" likely refers to drawback claimant.

4. The code was substituted to protect commercial information.

5. Treasury Decision 53654 reads in relevant part:
  1. There are hereby transferred to the Commissioner of Customs the functions of all officers, employees, and agencies of the Bureau of

Customs and, subject to the exceptions hereinafter specified, all the rights, privileges, powers, and duties vested in the Secretary of the Treasury by the Tariff Act of 1930, as amended, by the navigation laws administered by the Bureau of Customs, or by any other law to the extent that it is administered by the Bureau of Customs.

  (a) Regulations shall be prescribed by the Commissioner of Customs, with the approval of the Secretary of the Treasury, except that regulations and instructions, not inconsistent with the general rules and regulations of the Treasury Department, which are effective only against persons in their capacity as officers, agents, or employees of the Customs Service, and which do not prescribe procedures which the public should know or follow in dealing with the Customs Service, may be prescribed by the Commissioner of Customs without the approval of the Secretary of the Treasury.

T.D. 53654, 89 Treas. Dec. at 334.

454

however, Treasury reserved to itself authority to approve certain "regulations." The order then exempts from this narrowing of the delegation regulations and instructions "not inconsistent with the general rules of the Treasury Department," which affect Customs personnel "and which do not prescribe procedures which the public should know or follow in dealing with the Customs Service." It is only "regulations," in the first instance, however, that must be approved by the Treasury Department. Even if the delegation restriction applies to "instructions," approval would seem to be required only for "instructions" as to procedures the public must know or follow in dealing with Customs, and not as to the actions prescribed for Customs Service officials in connection with their noticing duties.

Furthermore, the totality of information on the form did not change appreciably. Thus, one could reasonably conclude, even under a broad view of instructions which the "public should know," that the public had no need to "know" of this change in advance. In any case, Customs' reading is in keeping with at least one plain reading of the delegation. That is, "regulations" were not altered and no "instructions" to the public were changed by Customs' amendment to Form 4333. Presumably, if the manner of noticing liquidation were changed, such as the abandonment of bulletin notice, a change in the regulation itself would be required. Non-essential changes to Form 4333 do not require regulatory changes or approvals. Customs' view of its own scope of authority in this regard seems well within the range of reason.[6] Accordingly, Form 4333, as of the dates in 1989 of the liquidations at issue, required that the filer be identified by code, and that the particular importer involved was then discernible by matching the entry number to the

importer.[7] The entries at issue, therefore, were liquidated as of the date of the bulletin posting of notice of liquidation, well within one year of entry. No liquidation by operation of law pursuant to 19 U.S.C. § 1504 occurred.[8]

Plaintiff's motions are denied and judgment is entered for defendants.

---

6. An agency is empowered to make reasonable interpretations of its own regulations and governing statutes. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). An agency likewise would seem to have parallel authority with regard to departmental orders directing it.

7. It is irrelevant that Customs later reverted to use of names. Names themselves may in some

circumstances be convenient, but they are not as specific as the complete code, i.e., filer code plus entry number.

8. Plaintiff cites other defects in the computerized version of 4333 that was posted, but it does not claim that such defects invalidated the bulletin notice. Obviously, it is the type of major defect that would render the bulletin notice ineffective that is at issue.