AMERICAN HI-FI INTERNATIONAL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–01–00016

(Dated November 16, 1995)

*Glad & Ferguson (T. Randolph Ferguson)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Jeffrey M. Telep), David Ross, Joan McKenzie,* Attorney Advisors, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

## OPINION

RESTANI, *Judge:* This action is before the court on a motion to dismiss. Plaintiff American Hi-Fi International, Inc. ("American Hi-Fi"), an

importer of Japanese televisions, challenges the United States Custom Service's ("Customs") (1) assessment of antidumping duties upon its merchandise and (2) addition of interest on those duties from the date of entry to the date of liquidation. In its complaint, plaintiff contends that the court has jurisdiction over both causes of action pursuant to 28 U.S.C. § 1581(a) (1988). In response to defendant's motion to dismiss, however, plaintiff concedes that its first cause of action may be dismissed for lack of jurisdiction. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1. Plaintiff continues to assert, however, that its second cause of action contesting the addition of interest on the antidumping duties is properly challenged under 28 U.S.C. § 1581(a). For the reasons that follow, defendant's motion to dismiss is denied in part.

### BACKGROUND

On August 15 and 18, 1986, American Hi-Fi made two entries of television receivers manufactured in Japan (Nos. 86–963482–4 and 86–963485–3). Plaintiff purchased the television receivers in Singapore before exporting them to the United States. Antidumping duties were assessed on the merchandise pursuant to an antidumping duty order on television receiving sets from Japan.[1] *See Television Receiving Sets, Monochrome and Color, from Japan,* 36 Fed. Reg. 4597 (Dep't Treas. 1971) (antidumping duty order). American Hi-Fi filed an administrative protest with Customs contesting the imposition of the antidumping duties and the addition of interest on such duties. Customs denied the protest and this action followed.

### DISCUSSION

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued * * *, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). Plaintiff thus has the burden of demonstrating that jurisdiction exists. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Smith Corona Group, SCM Corp. v. United States,* 8 CIT 100, 102, 593 F. Supp. 415, 417 (1984).

In order for the court to possess jurisdiction over an action pursuant to 28 U.S.C. § 1581(a),[2] the issues raised in the suit must properly be pro-

---

[1] *See also Television Receiving Sets, Monochrome and Color, from Japan,* 50 Fed. Reg. 24,278, 24,283 (Dep't Comm. 1985) (final results). According to defendant, plaintiff's televisions were manufactured by Toshiba Corporation. Def.'s Mot. to Dismiss at 13 n.5.

[2] Pursuant to 28 U.S.C. § 1581(a), the court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." *Id.* Section 1515, in general, provides for the review by Customs of protests filed pursuant to 19 U.S.C. § 1514. 19 U.S.C. § 1515 (1994).

tested under 19 U.S.C. § 1514 (1994).[3] *See Mitsubishi Elecs. Am., Inc. v. United States,* 44 F.3d 973, 976 (Fed. Cir. 1994). Section 1581(a) provides no jurisdiction for denial of protests outside the exclusive categories enumerated in 19 U.S.C. § 1514(a). *Id.; Playhouse Import & Export, Inc. v. United States,* 843 F. Supp. 716, 719 (Ct. Int'l Trade 1994).

Plaintiff argues that Customs' decision to collect interest on its entries pursuant to 19 U.S.C. § 1677g (1994)[4] is a protestable matter under 19 U.S.C. § 1514(a)(3). Section 1514(a)(3) lists as protestable, "decisions of the Customs Service * * * as to * * * all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury." *Id.* The court has found assessment of interest on ordinary Customs duties to be "within the common and judicial descriptions of charges and exactions." *Syva Co. v. United States,* 12 CIT 199, 202–03, 681 F. Supp. 885, 888 (1988). Customs, an agency within the jurisdiction of the Secretary of the Treasury, has the duty to collect antidumping duties and interest owing thereon, as well. *See* 19 C.F.R. § 353.21, –.24 (1991).

Defendant contends, however, that interest assessed on antidumping duties is not protestable under 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514(a) as Customs does not make any "decisions," but performs merely a ministerial role in the collection of interest pursuant to the antidumping duty laws. Defendant cites *Mitsubishi,* 44 F.3d 973, as support for the proposition that antidumping duty determinations are not decisions of Customs, but are those of the United States Department of Commerce ("Commerce") and as such, must be challenged under 28 U.S.C. § 1581(c) (1988).[5]

In *Mitsubishi,* an importer brought suit under 28 U.S.C. § 1581(a) after Customs denied the importer's protest of an antidumping duty assessment. 44 F.3d at 975. After noting that 28 U.S.C. § 1581(a) requires that a protest first be made under 19 U.S.C. § 1514(a), the court stated that "[s]ection 1514(a) applies exclusively to Customs 'decisions' within the enumerated categories * * *. Section 1514(a) does not embrace decisions by other agencies." *Id.* at 976.

Commerce, not Customs, calculates and determines antidumping duty rates. *Id.; see* 19 U.S.C. § 1673e(a)(1), (c)(3) (1994). Commerce investigates allegations of dumping, determines whether there are sales

---

[3] Section 1514(a), Title 19, United States Code, lists the decisions that are subject to protest:

[D]ecisions of the Customs Service, including the legality of all orders and findings entering into the same, as to—
(1) the appraised value of merchandise;
(2) the classification and rate and amount of duties chargeable;
(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
(4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title;
(5) the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
(6) the refusal to pay a claim for drawback; or
(7) the refusal to reliquidate an entry under section 1520(c) of this title; * * *
19 U.S.C. § 1514(a).

[4] That section provides, in relevant part, that "[i]nterest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered * * * for consumption." 19 U.S.C. § 1677g.

[5] Section 1581(c) provides that the court "shall have exclusive jurisdiction of any civil action commenced under [19 U.S.C. § 1516a (1994)]." 28 U.S.C. § 1581(c).

at less than fair value, and if it so finds, issues an antidumping duty order. It then directs Customs to collect the antidumping duties and any interest thereon. *See* 19 U.S.C. § 1673(a)(1); *see also id.* § 1677g. The court in *Mitsubishi* stated that, "[i]n sum, title 19 makes clear that Customs does not make any section 1514 antidumping 'decisions.' Customs actions regarding dumping do not fall within 19 U.S.C. § 1514(a)." 44 F.3d at 977.

The court agrees with defendant that an importer may not contest an antidumping duty determination under 28 U.S.C. § 1581(a), as Customs does not make any section 1514(a) decisions in the assessment of anti-dumping duties. As indicated, plaintiff agrees that its first cause of action contesting the assessment of antidumping duties on its entries must be dismissed for lack of jurisdiction. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1. Plaintiff contends, however, that in its second cause of action, plaintiff is not challenging Commerce's antidumping duty order or any Commerce determination relating thereto, but rather Customs' interpretation and application of both Commerce's antidumping duty determination and Commerce's liquidation instructions to Customs. *Id.* at 2.

To understand the crucial question of which agency made the decision at issue, an explanation of plaintiff's claim is required. Plaintiff claims, and defendant admits, that at the time of entry, plaintiff posted a contin-uous entry bond in lieu of making a cash deposit of estimated antidump-ing duties. *See Compl.,* ¶ 17, at 3; Answer, ¶ 17, at 3; Def.'s Resp. to Ct.'s Oct. 5, 1995 Letter of Inquiry at 2. To support its claim, plaintiff cites this court's decision in *Timken Co. v. United States,* 15 CIT 526, 777 F. Supp. 20 (1991). The plaintiff in *Timken* brought an action under 28 U.S.C. § 1581(c), challenging the final results of an administrative review by Commerce. *Id.* at 526, 777 F. Supp. at 21. Specifically, the plaintiff contested Commerce's conclusion that the importers were not liable for interest on duties to be assessed under an outstanding anti-dumping duty order. *Id.* at 527–28, 777 F. Supp. at 22. Commerce main-tained that "there is no statutory authority for the imposition of interest in this case because the pertinent interest provision applies only where cash deposits are involved. Since, here, the merchandise was entered upon bonds, interest cannot be imposed pursuant to 19 U.S.C. § 1677g." *Id.,* 777 F. Supp. at 22. The *Timken* court affirmed Commerce's decision not to impose interest on merchandise entered upon bonds because nothing in the statute, legislative history or case law contradicted Com-merce's interpretation of section 1677g. *Id.* at 535, 777 F. Supp. at 27.

Relying upon *Timken,*[6] plaintiff contends that because a bond was posted in lieu of cash deposits of estimated antidumping duties, interest

---

[6] Defendant claims *Timken* is inapposite because the plaintiff in *Timken* brought the action under 28 U.S.C. § 1581(c) after properly raising the issue in an antidumping administrative review before Commerce pursuant to 19 U.S.C. § 1516a. The court, however, finds this distinction unavailing here. For jurisdictional purposes, the question is not what issues were extant in the *Timken* administrative proceedings, but which agency made the decision challenged here. Commerce's determination does not address the issue at hand and the court must determine whether Commerce otherwise made manifest its view, so that any challenge of that decision would be required to be made before Com-merce.

should not have been assessed on its entries pursuant to 19 U.S.C. § 1677g. Plaintiff stresses that Commerce did not order Customs to assess interest on bonds posted in lieu of cash deposits, but rather gave general instructions to Customs to collect interest on "amount[s] deposited." *See* Pl.'s Resp. Ct.'s Oct. 5, 1995 Letter of Inquiry, Ex. A, at 7 (liquidation instructions).[7] Thus, any decision to collect interest was Customs'.

Defendant asserts, however, that cash deposits were required on all entries of television sets manufactured by Toshiba since Commerce completed its first administrative review in 1981.[8] According to defendant, plaintiff's entries were subject to a cash deposit requirement established by the second administrative review, although the cash deposit requirement for plaintiff's Toshiba televisions was zero. 50 Fed. Reg. at 24,283; *see also* Def.'s Resp. to Ct.'s Oct. 5, 1995 Letter of Inquiry, Ex. 6, at 2 (cash deposit requirements effective June 16, 1985).

Defendant further contends that Customs had no authority to accept a bond in lieu of cash deposits. Def.'s Resp. to Ct.'s Oct. 5, 1995 Letter of Inquiry at 2. Defendant also states that prior to the issuance of an antidumping order, a Code 9 bond (undefined by defendant) is used as security for antidumping duties in lieu of cash deposits. Here, plaintiff's continuous entry bond, defendant asserts, cannot provide security for antidumping duties. *Id.* Thus, defendant's argument is that actions of Customs can affect neither jurisdiction nor the merits of this matter.

Defendant, however, has not cited specific Commerce regulations or specific instructions from Commerce applicable to plaintiff's entries requiring cash deposits if the weighted average dumping margin is less than 0.50 percent, as was the margin for the Toshiba televisions involved in plaintiff's entries.[9] Such a margin is considered *de minimis* and equivalent to zero. Thus, a continuous entry bond would appear to be acceptable to the involved agencies. If *Timken* is distinguishable in such a situation, this was not explained by defendant. Furthermore, defendant has not responded to plaintiff's citation of Treasury Decision 85–145, which seems to provide that Customs, in its discretion, may accept such a bond when margins are greater than 0.50 percent, that is, "[i]f the amount of the estimated antidumping or countervailing duty is less than 5 percent *ad valorem* (or the equivalent)." *Acceptable Security for Release of Merchandise Subject to Antidumping and Countervailing Duty Proceedings,* T.D. 85–145, 19 Cust. Bull. & Decs. 331, 332 (1985). Accordingly, the court concludes, based on defendant's submissions,

---

[7] The instructions stated, in relevant part: "The assessment of antidumping duties by the Customs Service is subject to the provisions of [19 U.S.C. § 1677g], which requires interest on overpayments or underpayments of the amount deposited as estimated antidumping duties* * * ." Pl.'s Resp. to Ct.'s Oct. 5, 1995 Letter of Inquiry, Ex. A, at 7.

[8] *Television Receiving Sets, Monochrome and Color, from Japan,* 46 Fed. Reg. 30,163 (Dep't Comm. 1981) (final results).

[9] In its final results of the second administrative review, Commerce stated that,

[a]s provided for in [19 C.F.R. § 353.48(b) (1985)], a cash deposit of estimated antidumping duties based on the above margins shall be required for these firms. Since the weighted average margins for Hitachi, Nissei, Sanyo, and Victor are less than 0.50 percent and, therefore, *de minimis* for cash deposit purposes, the Department shall waive the deposit requirements for shipments of television receiving sets from those firms.

50 Fed. Reg. at 24,283.

that the assessment of interest was not predetermined by an unambiguous statute administered by Commerce, Commerce regulation, Commerce rule, or Commerce policy. *Cf. United States Shoe Corp. v. United States,* Slip Op. 95–173, at 28–30 (Oct. 25, 1995) (finding no Customs decision for purposes of 28 U.S.C. § 1581(a); Customs must apply a clear statutory provision despite challenge to constitutionality).

Commerce's instructions to collect interest on the estimated antidumping duties at issue directed Customs to collect such interest on "amount[s] deposited." Pl.'s Resp. to Ct.'s Oct. 5, 1995 Letter of Inquiry, Ex. A, at 7 (liquidation instructions). No mention was made of entries made upon bond of any type, or of Toshiba merchandise in particular. Given (1) these general and ambiguous instructions, (2) defendant's position in the *Timken* case, which appears supportive of plaintiff's position here and which prevailed, and (3) the lack of any timely contrary public Commerce pronouncement on this issue, there is no evidence that Commerce made a determination adverse to plaintiff that plaintiff should have challenged through procedures applicable to such determinations. The decision here either was made by Customs or communicated to Customs in a non-public way, and adopted by Customs. Parties cannot be forced to challenge non-public determinations. *See Washington Int'l Ins. Co. v. United States,* 13 CIT 112, 116 & n.9, 707 F. Supp. 561, 565 & n.9 (1989) (noting that secret liquidation is not a liquidation; events must be known to public before protest required); *SRR v. Robles,* 853 F. Supp. 451, 452 (Ct. Int'l Trade 1994) (same), *aff'd without op.,* 56 F.3d 80 (Fed. Cir. 1995).

As the only applicable public decision was that of Customs, for purposes of jurisdiction the decision at issue is deemed to be a Customs decision as to a charge or exaction. The decision was protested, and that protest was denied. Jurisdiction lies under 28 U.S.C. § 1581(a) for plaintiff's second cause of action. Plaintiff shall file its motion for summary judgment within 30 days hereof. Plaintiff's first cause of action is dismissed.